# Pearson *v.* Adams.

## *Statutory Action of Ejectment.*

1. *Ejectment; admissibility of parol evidence to make certain a description of lands in a deed.*—In an action of ejectment, where it is shown that the defendant claimed under a deed which described the property conveyed therein as "one lot on Green street in said Alexander City about twenty-three feet front and runs back thirty-six feet and adjoins the brick store of Crayton Adams," it is competent for the defendant to introduce parol evidence tending to show that the description in said deed covered and conveyed the lands sued for, that there was never but one brick store on Green street in Alexander City known as Crayton's drug store and it was on the east side of said street, that there was never any other lot on Green street fronting it and adjoining Crayton Adams' drug store running back thirty-six feet and owned by Crayton Adams than the one mentioned in the deed; and after the introduction of such evidence making certain the description of the lands embraced in said deed, such deed is admissible in evidence.

2. *Same; adverse possession; admissibility in evidence of statement of agent while in possession of property.*—In an action of ejectment to recover a lot which adjoined two store houses conveyed to the plaintiff by the same instrument under which she claimed title to the lot sued for, and which was between said store houses conveyed to the plaintiff and another store house owned by the defendant, the plaintiff set

[Pearson v. Adams.]

up title by muniments and the defendant relied upon alleged adverse possession for a period of ten years. The testimony for the plaintiff, who was a married woman, showed that she took possession of the two store houses conveyed in said deed by and through her husband, who acted as her agent, and if the plaintiff ever had possession of any part of the lot sued for it was held by and through her said husband as her agent, who had full power to act for her and represent her in regard to said property. *Held*: That the testimony of a witness to the effect that several months before the institution of the suit, while he was in conversation with the plaintiff's husband in the store house adjoining the lot sued for, which was occupied by said husband at the time, and upon the witness offering to buy said lot, the husband of the plaintiff stated that said store house just about covered the lot they were situated on, and that other parties owned the vacant lot between said store and the store of the defendant, and the testimony of another witness to the effect that the plaintiff's husband offered to buy said vacant lot sued for, is admissible in evidence, the plaintiff having averred possession only through her husband as her agent, his declaration disclaiming possession or the right of possession to the lot sued for was evidence against her in the issue on trial.

3. *Same; same; same.*—In such a case, the testimony of the plaintiff's husband seeking to explain why he made such statement and to give reasons why he did not consider that the plaintiff owned said lot, is incompetent and inadmissible.

4. *Trial and its incidents; exception reserved to refusal of court to give charges requested.*—Where a general exception is reserved to the refusal of the court to give several instructions requested collectively, such exception can not be sustained unless all of the charges requested ought to have been given; and where two or more instructions are written on one sheet of paper, and being presented to the judge, he writes on the margin of the paper only the one word "Refused," signing his name thereto, the refusal is to the charges collectively, and not to each separately, and an exception to this refusal will not be sustained, unless all the charges should have been given.

5. *Adverse possession; rights of trespasser.*—One who enters upon lands as a trespasser and asserts a claim of ownership thereto may have such adverse possession of the property as may be tacked to a succeeding possession in privity and ripen into title.

6. *Ejectment; adverse possession; charge of court to jury.*—In an action of ejectment, where the plaintiff sets up title by muni-

[Pearson v. Adams.]

ments, and the defendant claims title by adverse possession, a charge which instructs the jury that if they believe tnat the land sued for was conveyed in the several instruments under which the plaintiff claims, the plaintiff is entitled to recover, is properly refused in that it ignores the claim of adverse possession set up by the defendant.

7. *Charge to the jury; properly refused when giving undue prominence to a part of the evidence.*—Charges to the jury which single out and give undue prominence to a single part of the evidence are properly refused.

8. *Abstract and argumentative charges* are properly refused.

9. *Assignment of erros; when considered on appeal.*—When the rulings of the trial court that are assigned as error are not discussed by counsel for appellant in brief or argument, it will be presumed that said assignments are waived, and such rulings will not be considered by this court on appeal; and the statement in a brief of appellant's counsel that "it is insisted that charges 9, 10 and 11 should have been given," is not sufficient to save the appellant from the imputation of having waived the assignments of error based upon the refusal of the court to give said charges.

10. *Ejectment; charge as to adverse possession.*—In an action of ejectment, where the plaintiff sets up title by muniments and the defendant claims title under adverse possession, a charge which instructs the jury that if at the time of the execution of the deed to the plaintiff the defendant' was in adverse possession of the lands sued for, such deed was void as to the defendant and would not affect her right of possession of the lands involved in the suit, asserts a correct proposition and is properly given at the request of the defendant.

11. *Same; same.*—In such a case, a charge is free from error and properly given at the request of the defendant which instructs the jury that "A party may be in possession of property holding the same adversely, although the same may not be enclosed nor have any other improvement on the same."

12. *Same; same.*—In such a case, a charge which instructs the jury that if the plaintiff was using any part of the land, believing that it belonged to the defendant, and that the plaintiff did not claim the land, then such use· or possession would not be adverse and would not affect the right of possession of the defendant, is free from error and properly given at the request of the defendant.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. N. D. DENSON.

This was a statutory action of ejectment brought by the appellant, Mrs. Emma M. Pearson, against Mrs. Eugenia B. Adams, Samuel P. Adams and Mrs. Mamie S. Whatley. The suit was defended by Mrs. Eugenia B. Adams. The property sued for was described in the complaint as follows: "All that part of the lot in Alexander City, beginning at the nothwest corner of plaintiff's two storerooms, running northerly along Green street 22½ feet to Crayton Adams' drug store, thence easterly parallel to the said two storerooms, 55 feet; thence southerly and parallel with the east side of said two storerooms 78½ feet to North Railroad street; thence westerly along said street eight feet; thence northerly along the east side of plaintiff's said two storerooms 56 feet; thence westerly and parallel with the back ends of plaintiff's said two rooms 47 feet to starting point; it being part of the lot conveyed by S. P. Adams, Sr., and wife, Mary C. Adams, to S. P. Adams & Co., lying and being situate in said Alexander City, in Tallapoosa county, Alabama."

The defendant pleaded the general issue and by special plea that she had been in adverse possession of the land sued for for more than ten years before the commencement of the suit. The plaintiff claimed title by muniments and introduced in evidence several conveyances, as follows: (1.) A deed dated October 5, 1877, from S. P. Adams and wife to S. P. Adams & Co., a firm composed of S. P. Adams and J. B. Trimble. In this deed the property conveyed was described as follows: "Two lots and storehouses, one brick and one frame building now occupied by S. P. Adams & Co., fronting the S. & M. R. R. 55 feet and running back 75 feet to the drug store, being bounded on the north by Crayton Adams' drug store building, east by S. P. Adams' garden lot, on the south by public road, on the west by the street crossing railroad, situated and being in Alexander City." (2.) A mortgage dated March 13, 1878, made by S. P. Adams & Co. to W. B. Shields & Co. to secure the payment of a certain specified sum of money. In the mortgage the property conveyed was described as follows: "Also a

certain lot upon which is situated two stores, one frame
and one brick building, in which the firm of S. P.
Adams & Co. are at present doing business, adjoin-
ing a certain tract containing twenty acres, more or
less, upon which the residence of S. P. Adams is situ-
ated and adjoining Crayton Adams' drug store, all of
said property owned by S. P. Adams & Co., lying and
being in the State of Alabama, county of Tallapoosa."
This mortgage was transferred by the mortgagors
named therein to Crayton & Harwell, on December 30,
1879. (3.) A deed dated January 23, 1880, from S. P.
Adams & Co. to Crayton & Harwell, conveying the
property which was described in the same manner as
that conveyed in the mortgage from S. P. Adams &
Co. mentioned above. (4.) A bond for title made
by Crayton & Harwell to the plaintiff, Emma M.
Pearson, dated November 12, 1887, in which Crayton &
Harwell bind themselves upon the payment to them of
a certain sum of money by Emma M. Pearson to make
to her "good and sufficient warranty title to the store-
houses and lots in Alexander City, Alabama, formerly
known as the S. P. Adams & Co. property, and now oc-
cupied by Parker, Cowles & Co." (5.) A deed from
Crayton & Harwell to Emma M. Pearson, dated No-
vember 10, 1888, in which they conveyed, upon a re-
cited consideration, property which was described therein
as follows: "A certain lot upon which is situated two
storehouses, one frame and one brick building in
Alexander City, Alabama, said houses now occupied by
H. W. Pearson, and bounded on the south and west by
the public street, and on the north and east by prop-
erty of the estate of Crayton Adams, deceased, and S.
P. Adams. Said lot being in the southwest quarter of
section 27, township 23, range 21, situated, lying and
being in the county of Tallapoosa and State of Ala-
bama."

The defendant offered evidence tending to show that
Crayton Adams, her husband, purchased a certain lot
from his father, S. P. Adams, in the year 1874; and
that S. P. Adams then placed him in possession of said
lot, but that no deed was executed thereto by S. P.

Adams to Crayton Adams. That said lot so purchased by Crayton Adams embraced the lands sued for in the present suit; that upon a part of the lot so purchased from S. P. Adams, Crayton Adams erected a brick store in the year 1874, but that the balance of the lot (which is the one sued for in the present action) remained without any building on it until 1877, at which time Crayton Adams erected a building thereon. That the house so erected by Crayton Adams remained in his possession until his death, which occurred in June, 1885, and after his death the defendant retained the possession of said house until 1887, when it was moved off the lot and the defendant erected a fence on the front of said lot next to Green street; that this fence extended along Green street from the brick store formerly occupied by Crayton Adams to the store owned by the plaintiff, Mrs. Pearson. It was shown that the lot sued for was a vacant lot lying between the brick store formerly owned by Crayton Adams and the store owned by the plaintiff. The evidence for the plaintiff further tended to show that she retained the possession of said lot from the time of her husband's death up to the time of the institution of the present suit, and that during said time she exercised acts of ownership over it, claiming it as her property and paid the taxes on it.

The defendant offered to introduce in evidence a deed from her husband, Crayton Adams, to her, dated January 6, 1885, in which said Crayton Adams conveyed to the defendant several tracts of land, and also a lot, which was described as follows: "Also one lot on Green street in said Alexander City of about 23 feet front and runs back 36 feet and adjoins the drug store of Crayton Adams." The plaintiff objected to the introduction of this deed in evidence upon the ground that it did not describe the lands involved in this suit. In this connection the defendant introduced parol evidence, the tendency of which is described in the first paragraph of the opinion. After the introduction of this parol testimony, the court permitted the deed from Crayton Adams to the defendant to be introduced in evidence,

[Pearson v. Adams.]

and to this ruling the plaintiff duly excepted. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The plaintiff's method of requesting the court to give written charges is also described in the opinion. Among the charges so requested and to the refusal to give each of which the plaintiff excepted, were the following: (1.) "If the jury believe from the testimony that there was no sale nor contract of sale of the land in question on the part of S. P. Adams to Crayton Adams, then, if Crayton Adams entered into possession of said land or any part thereof, such possession under the evidence in this case was either permissive or that of a trespasser." (3.) "If the jury believe from the evidence that Crayton Adams entered into possession of the lands sued for, and possession of which is not disclaimed, or any part thereof as a trespasser, and that he died before ten years had elapsed immediately after, it makes no difference what the character of his possession was, it could not be added to a later possession of his wife to make out the statutory period of ten years required to establish title by adverse possession." (4.) "If the jury believe the evidence they must find for the plaintiff." (13.) "If the jury believe from the evidence that the land sued for adjoining and north of the Pearson stores and the store occupied by Mrs. Whatley was conveyed by the deed from S. P. Adams and wife to S. P. Adams & Co. and that S. P. Adams & Co. went into the possession of the same under said deed and that thereafter said Adams & Co. conveyed the property of Crayton & Harwell by a valid deed which was delivered to Crayton & Harwell at the time of its execution in 1878, and that Crayton & Harwell in 1888 by valid deed conveyed the property to Emma M. Pearson, she is entitled to recover in this suit, and your verdict should be for her for said land." (15.) "If the deed made by Crayton & Harwell to Emma M. Pearson conveyed to her any portion of the land sued for and not disclaimed by defendant, your verdict should be for the plaintiff." (17.) "If the jury believe

from the evidence that the house built by Crayton Adams was erected in 1881 and not in 1877 they may look to this circumstance in connection with the other evidence in weighing the testimony of those witnesses who testified that the house was built in 1877." (19.) "If the jury believe from the evidence that Crayton Adams went into possession of the land in 1881 and remained in the possession until the year 1877, and it was then abandoned until 1889, and pending the abandonment left no *indicia* or mark by which it was indicated that the possession was still in defendant, then such abandonment was a break in the continuity and the plaintiff would be entitled to a verdict at the hands of the jury." (20.) "If the jury believe all the evidence in this case they will find for the plaintiff for the lands sued, except the eight feet covered by the Whatley house."

The court, at the request of the defendant, gave to the jury the following written charges, to the giving of each of which the plaintiff separately excepted: (1.) "If at the time of the execution of the deed from Crayton & Harwell to Emma Pearson on the 10th day of November, 1888, the defendant, Mrs. Adams, was in the adverse possession of the lands sued for, then that deed was void as to Mrs. Adams, and would not affect her right or possession in the land." (C.) "A party may be in possession of property holding the same adversely, although the same may not be enclosed nor have any other improvement on the same." (6.) "If Pearson was using any part of the land believing that the land belonged to Mrs. Adams and that he did not claim the land then his use or possession of the land would not be adverse and would not affect the right or possession of the defendant, Mrs. Adams."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

W. W. PEARSON, for appellant.—The court erred in admitting the parol evidence which sought to make certain the description of the land contained in the deed

[Pearson v. Adams.]

executed by Crayton Adams to Eugenia B. Adams, and likewise erred in admitting said deed in evidence. The court also erred in admitting in evidence the testimony of the witness Crew and the witness Adams relative to the statements and declarations made by the plaintiff's husband in reference to the plaintiff's ownership of the lot sued for.

This court has said that declarations of a party in the possession of land, of the character in which he holds, made in good faith, are admissible in evidence upon an issue of disputed ownership, no matter who may be the party to the litigation.—*Railway Co. v. Hammond*, 104 Ala. 199; *Stead v. Knowles*, 97 Ala. 573. This case does not come within the above rule. It is not shown in the first place that Pearson was in possession of the land sued for and not being in possession his declaration could not be explanatory of the character in which he held.—*Perry v. Graham*, 18 Ala. 825; *Thomas v. deGraffenried*, 17 Ala. 608; *Humes v. O'Brien & Washington*, 74 Ala. 79.

"Declarations of the husband against the interest of the wife, or in disparagement of her title to lands—although made while he was in possession—are not admissible in evidence against her."—*Brunson v. Brooks*, 68 Ala. 248; *Mitcham v. Schuessler*, 98 Ala. 635; *First Nat. Bank of Tuscaloosa v. Leland*, 122 Ala. 289; *Agnew v. McGill*, 96 Ala. 501.

The charges requested by the plaintiff asserted correct propositions of law and should have been given. 7 Am. & Eng. Ency. of Law, 55; *Herne v. State*, 98 Ala. 23; *Teague v. Lindsey*, 106 Ala. 275; *McGehee v. State*, 52 Ala. 224.

THOS. L. BULGER and SORRELL & SORRELL, *contra*. The evidence offered by the defendant to make certain the description of the lot conveyed in the deed from Crayton Adams to the defendant was admissible in evidence, and the court did not err in admitting in evidence the deed after receiving parol testimony.—*Clements v. Pearce*, 63 Ala. 284; *Pollard v. Maddox*, 28 Ala. 321.

The testimony is without conflict that H. W. Pearson was the *agent* of his wife, the plaintiff, Emma Pearson. There was no error in admitting the declaration of W. H. Pearson.—*N. C. & St. L. R. R. Co. v. Hammond,* 104 Ala. 191; *B. C. & R. R. Co. v. Smith,* 74 Ala. 206; *Daffron v. Crump,* 69 Ala. 77, and cases cited.

The court did not err in refusing to give the charges requested by the plaintiff.—*Teague v .Lindsey,* 106 Ala. 266.

The charges requested by the defendant asserted correct propositions of law and should have been given. 3 Brick. Dig., 18, § 51; *Alexander v. Wheeler,* 96 Ala. 332; *Potts v. Coleman,* 67 Ala. 221.

McCLELLAN, C. J.—It was competent for the defendants, by way of making certain the description of subject-matter embraced in the deed executed by Crayton Adams to Eugenia B. Adams on June 6, 1885, the description therein being this: "One lot on Green street in said Alexander City about 23 feet front and runs back thirty-six feet and adjoins the drug store of Crayton Adams," to introduce "parol evidence tending to show that the deed did cover and convey the land sued for in this suit and that there was never but one drug store on Green street known as Crayton Adams' drug store and it was on the east side of said street, and that there was never any other lot on Green street fronting said street and adjoining Crayton Adams' drug store and running back thirty-six feet and owned by Crayton Adams than the one mentioned in the deed." *Clements v. Pearce,* 63 Ala. 284; *Humes v. Bernstein,* 72 Ala. 546; *Robinson v. Allison,* 109 Ala. 409.

The case turned in the trial court upon the question of adverse possession for ten years. Plaintiff set up title by muniments. Defendants relied upon their alleged adverse possession for the period necessary to bar plaintiff's action and destroy her title. And plaintiff replied that she and not defendants had all along been in possession. The lot adjoined two storehouses conveyed to plaintiff by the same instrument under which she claims title to the lot. Mrs. Adams, the beneficial

[Pearson v. Adams.]

defendant, testifies that she took possession of the entire lot and that it was the lot between the drug store and the stores of plaintiff referred to above. "The evidence showed without controversy" (to quote from the bill of exceptions) "that H. W. Pearson, the husband of the plaintiff, as plaintiff's agent, went into possession of the two stores mentioned in her deed offered in evidence, and that plaintiff never had the actual possession except in that way, and that her husband, H. W. Pearson, was her agent in the management of said property, and the evidence further showed that if the plaintiff ever had possession of any of the lot sued for, it was held by and through her said husband as her agent, and that her said husband had full power to act for and represent her in regard to said property and that said H. W. Pearson was the agent of the plaintiff in bringing and prosecuting this suit." On this state of the case, the trial court properly received the testimony of the witness Crew to the effect that several months before the institution of this suit he was with H. W. Pearson in plaintiff's storehouse adjoining the lot sued for, said Pearson occupying the stores at the time, and was talking with said Pearson about buying said store property, and that said Pearson then told him that plaintiff's said storehouses just about covered the lot, and that other parties owned the lot between said stores and the Crayton Adams drug store. This declaration of H. W. Pearson was competent in view of plaintiff's claim advanced in the suit that she had actual possession of this lot through or by her husband as her agent under claim of right of title, and as not tending to impeach her title directly, but as going to rebut the case presented by her as to such possession. Having on the case made possession only by her husband as her agent if at all, the declaration of the agent disclaiming possession and right of possession was evidence against her on the inquiry as to possession.—*Nashville, Chattanooga & St. Louis R'y Co. v. Hammond,* 104 Ala. 191.; *Belmont Coal & Railroad Co. v. Smith,* 74 Ala. 206. And the testimony of the witness Sam Adams to the effect that H. W. Pear-

son offered to buy the lot sued for stands upon the same footing.

These facts going as they did to show that plaintiff was not in possession of the lot and did not claim it at the time of H. W. Pearson's conversations with Crew and Adams, respectively, could not have been weakened in their effect upon the case by evidence of the reasons why she was not then in possession and did not then claim the lot. The competent fact was the want of possession and claim by her and not the reasons for the existence of that fact; and the court did not err in excluding the proposed testimony of H. W. Pearson, admitting the absence of such possession and claim, and to the effect that plaintiff's deed was not then at hand and that he had been advised that she did not own this lot.

The plaintiff made her requests for instructions in the court below in volleys, so to speak: She asked two or more charges in several instances at the same time, on the same piece of paper, conjunctively and as a whole; and her request was refused by the court as an entirety. Thus as to charges numbered 1, 2 and 3 the bill of exceptions states: "These three charges were written on one and the same sheet of paper and were numbered with a space left between them, but were not torn apart or separated, the court refused the said charges in this manner by writing, once on margin of the sheet containing them the word 'refused' and signed N. D. Denson, Judge." And so it was with charges numbered 4, 5, 6, 7 and 8, and with charges 9, 10 and 11, and so also with charges 12 and 13, and again with those numbered 14, 15 and 16, and with charges 17 and 18. The charges being thus asked and refused collectively, every one in each of the separate aggregations must be sound, else it cannot be affirmed that the court erred in refusing any of them.—*Teague, Barnett & Co. v. Lindsey et al.*, 106 Ala. 266.

In the first lot charge 1 is abstract: The evidence was without conflict to the effect that S. P. Adams sold the lot to Crayton Adams. Moreover, one who enters

as a trespasser may have such adverse possession as may be tacked to a succeeding possession in privity and ripen into title. So that charge 3 of this lot is also bad.

The second lot contains the affirmative charge for plaintiff, and of course was properly refused.

Charge 13 would have authorized a recovery by plaintiff notwithstanding the jury found that defendants and those under whom they claim had had adverse possession for ten years before suit was brought. The same may be said of charge 15 in the succeeding instalment of instructions.

Charge 17 in the last lot of charges requested by plaintiff is bad for singling out and giving undue prominence to a particular part of the evidence.

Charges 19 and 20 are the only ones which were requested by plaintiff and ruled upon separately. The latter is an affirmative charge, and was properly refused because there was evidence tending to show adverse possession in defendants for ten years before suit brought. Charge 19 is abstract. There was no evidence of an abandonment of possession by defendants: whatever possession they had was continuous to time of suit brought.

Whether each of the charges 9, 10 and 11 requested together by plaintiff asserts a sound proposition of law we need not decide since the assignments of error based on their refusal are not supported by argument of appellant's counsel. Of these charges it is said in the brief of appellant only: "It is insisted that charges 9, 10 and 11 should have been given." This is not sufficient to save appellant from the imputation of having waived the assignments. And the same is true of many of the other charges and sets of charges refused to plaintiff considered above.—*Ward v. Hood*, 124 Ala. 570; *Williams v. Spraggins, Buck & Co.*, 102 Ala. 424, 431; *Louisville & Nashville Railroad Co. v. Morgan*, 114 Ala. 449; *Henry v. Hall*, 106 Ala. 84, 100.

The charges given at defendant's instance are manifestly unobjectionable.

Affirmed.