# Dorlan *v.* Westervitch.

*Statutory Action of Ejectment.*

1. *Ejectment; plaintiff can prove that deed offered in evidence includes lands described in complaint.*—In an action of ejectment, it is competent for the plaintiff, upon the examination of a civil engineer who had surveyed the land sued for, to ask the witness if the lands described in the complaint constitute a part of the lands described in a deed handed to the witness, and which the plaintiff offered in evidence.

2. *Same; adverse possession; proof of how much land plaintiff claimed.*—In an action of ejectment, where the plaintiff claims title by virtue of adverse possession under a deed constituting color of title, it is competent upon the examination of plaintiff as a witness, to ask how much land the plaintiff had been claiming to own after the execution of the deed under which the plaintiff claimed.

3. *Adverse possession; void deed admissible in evidence, as constituting color of title.*—In an action of ejectment, where the plaintiff claims title to the land sued for by virtue of adverse possession under color of title, a deed purporting to convey said lands to the plaintiff, though not properly executed and

[Dorlan v. Westervitch.]

void as a conveyance, is admissible in evidence to show the extent of the plaintiff's possession, and as constituting color of title.

4. *Tenants in common; co-tenant can maintain ejectment.*—A tenant in common has such an interest in the lands of the cotenancy as entitles him to the enjoyment of the entire estate as against a stranger; and, therefore, one of several co-tenants can alone maintain an action of ejectment against a stranger to try the title to the lands owned in common.

5. *Ejectment; color of title; admissibility of deed with uncertain description.*—To constitute color of title, it is not necessary that the deed under which the party claims should be so definite in the description of the lands admitted to be conveyed, that there should be no uncertainty in it, provided it is such as will enable a surveyor to ascertain and locate the land, and, therefore, a deed, though uncertain in its description, if sufficiently certain to enable the land to be located, is admissible in evidence[6] as color of title.

6. *Ejectment; proof of possession by testimony of third person.* In an action of ejectment where the plaintiff and the defendant claim title by adverse possession, the testimony of the witness for the defendant that the father of the defendant, under whom the defendant claims, was in the possession of the lands for ten or fifteen years, is admissible; such testimony tending to support a claim of adverse possession on the part of the defendant and those under whom he held.

7. *Ejectment; adverse possession; charge of court to jury.*—In an action of ejectment, where the plaintiff and defendant each claims adverse possession for the statutory period necessary to perfect title in himself and neither shows muniment of title better than the other, and there is evidence on the part of each tending to support his claim, charges which assume that the plaintiff had a better right of possession to begin with than the defendant, and which takes away from the jury the consideration of the conflicting evidence as to who had prior possession, are erroneous and should not be given.

8. *Same; same; same.*—In such a case where there is evidence tending to support the hypothesis thereof, a charge asserts a correct proposition, and should be given at the request of the defendant, which instructs the jury that if they believe that the plaintiff limited her claim to the land mentioned in the deed made to her, "although she has not claimed the land described in the complaint for ten years continuously under said deed, then she would not be entitled to recover,

although the jury may believe the land sued for is embraced in the description contained in said deed."

9. *Deed as color of title; not necessary for it to be recorded.*—It is not necessary to make a deed effective as a color of title that it should be recorded.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. S. ANDERSON.

This was a statutory action of ejectment brought by the appellee, Elizabeth Westervitch, against the appellant, George Dorlan, to recover certain lands, specifically described in the complaint. The claim to title on the part of both the plaintiff and defendant was derived from adverse possession. The plaintiff's right of possession was based upon a deed from one Joseph Rose to the plaintiff and her husband, by which deed the said Rose attempted to convey unto the plaintiff property which included the property sued for in this action. This deed was executed in 1884. The said Joseph Rose claimed under a deed executed to him by one G. Horton, judge of probate. This deed was dated April 23d, 1874, and recited that the taxes on the lands therein described had not been paid for the years 1866 to 1871, inclusive, and that the said Rose was the purchaser of said lands at the tax sale. Said deed was not acknowledged before any officer or attested by any witness, and was not filed for record until April 15th, 1886.

The defendant claimed to derive title from his father, Mulford Dorlan, who held a deed from one Powell, who was the purchaser of the lands at an execution sale; said execution having been issued upon a judgment recovered against one Phillip Ignard, and levied upon the said land as belonging to said Ignard. The defendant also offered in evidence a deed from one John A. Cuthbert to said Phillip Ignard, purporting to convey the said land. This deed, however, was not allowed to be introduced in evidence. There was evidence introduced on the part of defendant tending to show that after Mulford Dorland purchased the property from Powell, he went in possession thereof, and permitted one Criminell and one Shambeau, each of whom was a son-in-law, to build two houses upon said property, each of which

said houses was occupied by said Criminell and Sham-
beau, respectively, at different times. There was also
evidence introduced on the part of defendant tending to
show that the plaintiff admitted to one Tam, who was
the tax commissioner of Mobile county, that the land in
question belonged to said Dorlan. The plaintiff intro-
duced evidence tending to show that since the purchase
of said lands by herself and her husband from Joseph
Rose, she had been in continuous possession thereof, ex-
ercising acts of ownership over said lands, and that one
of the houses that was built upon said lands was occu-
pied at the time of the institution of this suit by one Dr.
Davis, under a contract of lease with her. It was also
shown that the husband of the plaintiff was dead at the
time of the institution of suit. The other facts of the
case necessary to an understanding of the decision on
the present appeal are sufficiently stated in the opinion.

The court, at the request of the plaintiff, gave to the
jury, among others, the following written charges, to
the giving of each of which the defendant separately ex-
cepted: (1.) "The court charges the jury that under the
evidence in this case, if believed by the jury, the plaintiff
is entitled to recover all of the land described in the com-
plaint except that portion thereof upon which is located
the two houses, one of which is spoken of in the evidence
as having been built by Criminell, and the other of
which is spoken of in the evidence as being occupied by
Doctor Davis; and the court further charges the jury
that the evidence in the case, if believed by the jury, also
entitled the plaintiff to recover the land upon which
each of these houses is built, unless the jury is reasona-
bly satisfied from the evidence that the defendant and
those under whom he claims have been in the open, noto-
rious, exclusive and adverse possession thereof continu-
ously for a period of ten years." (2.) "The court
charges the jury that the undisputed evidence in this
case, if believed by the jury, entitles the plaintiff to re-
cover all of the lands sued for in the complaint which
are outside of the enclosure around the two houses, one
of which is spoken of in the evidence as having been
built by one Criminell, and the other of which is spoken

[Dorlan v. Westervitch.]

of in the evidence as being occupied by Doctor Davis."
(3.) "The court charges the jury that under the evidence in this case, if believed by the jury, the plaintiff is entitled to recover all of the lands sued for in the complaint except such portions thereof as the jury may be reasonably satisfied from the evidence have been in the actual, open, notorious and exclusive possession of the defendant and his father for a continuance period of ten years, if the jury are so satisfied as to any part thereof."
(5.) "The court charges the jury that there is no evidence in this case that the defendant or his father ever had any possession of any portion of the land in question, except such as was occupied by the houses which were erected thereon by Criminell and Shambeau."
(6.) "The court charges the jury that the defendant has not shown any right whatever, to any part of the lands sued for in the complaint, unless the jury believe from the evidence that the defendant and his father have been in the open, notorious, continuous, adverse and exclusive possession of some part of said land for a period of ten years; and even if the defendant has reasonably satisfied the jury that they have been in such possession of a part of said land, then this would confer upon him the right only to that part of which they had such actual possession." (9.) "The court charges the jury that the evidence in this case, if believed by the jury, entitles the plaintiff to recover all of the land described in the complaint not occupied by either of the houses spoken of in the evidence as having been built by Criminell and Shambeau, respectively, and also entitles the plaintiff to recover the land occupied by these houses unless the jury are reasonably satisfied from the evidence that the defendant and his father, under whom he claims, were in the possession of one or both of said houses, and that this possession was not only open, notorious and exclusive, but that it continued consecutively for ten years, and the defendant can defeat the plaintiff's recovery, if the jury believe all of the evidence, only as to whatever portion, if any, the jury may find that the defendant or his father acquired the title to by means of such open, notorious, exclusive, adverse and continuous possession

[Dorlan v. Westervitch.]

for ten years." (10.) "The court charges the jury that there is no evidence in this case that the defendant ever had any right or title to any part of the land sued for, whatsoever, unless it was obtained by the open, notorious, exclusive and adverse possession thereof for a continuous period of ten years, and there is no evidence that he ever had any such possession of any part of the land sued for except as was occupied by the two houses built by Criminell and Shambeau, and the question whether he ever had such possession of the land occupied by either of such houses is a question for the determination by the jury from the evidence." (11.) "The court charges the jury that while the tax deed in this case was void and of itself conveyed no title, yet if Rose entered into the possession of the land claiming the same thereunder, and then conveyed the land to the plaintiff and she took possession under the deed, this would give her a good right to the land as against the defendant and all other persons having no title thereto, and her claim could not be defeated by them without proving that they had subsequently·taken the possession of the land and retained it for ten years in their open, notorious, actual exclusive possession." The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The statute of limitations, or claim by adverse possession, under the tax deed to Joseph Rose was not set in operation until it was recorded." (3.) "If the jury believe from the evidence that the plaintiff limited her claim to the land mentioned in the deed made to her by Joseph Rose, on the north side by the south line of the land sued for, and if she has not claimed the land described in the complaint for ten years continuously, under said deed, then she would not be entitled to recover although the jury may believe the land sued for is embraced in the description contained in said deed." (4.) "If the jury believe the evidence, they should find the defendant not guilty." The second charge refused to the defendant being admitted to have been properly refused, is not set out. There were verdict and judgment for the plaintiff. The defendant ap-

[Dorlan v. Westervitch.]

peals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

L. H. & E. W. FAITH, for appellant.—The court erred in allowing appellee to ask her witness Bart—and allowing his answer to go to the jury—this: "State whether or not the land described in that complaint is included in the land described in that deed?" The question called for a mere conclusion of the witness, and not for such a shorthand rendering of a collection of facts, as is sometimes permissible.—*S. & N. R. R. Co. v. McLendon*, 63 Ala. 276; *Hames v. Brownlee*, 63 Ala. 277; *Doe, ex dem. v. Edmondson*, 127 Ala. 445.

A party to a suit may testify to his open acts and conduct, but not to his undisclosed intentions.—*E. T. Va. & Ga. R. R. Co. v. Davis*, 91 Ala. 615. Where a person claims a certain body of land described in his deed by section, or section lines, but that deed makes no mention of the number of acres, it may be competent to show the number of acres contained in the land described to show the quantity claimed, but it would not, we apprehend, be permissible to show by the oral testimony of a party to the suit that he claimed a certain number of acres to define the quantity of land embraced in the deed, or to locate or describe the land in suit.—*Carter v. Beck*, 40 Ala. 599; *Hodges v. Denny*, 86 Ala. 229.

The court erred in allowing the plaintiff to introduce in evidence the tax deed to Joseph Rose and the deed from Rose to herself and her husband.—*Buesing v. Forbes*, 15 So. Rep. 209; *Lazar v. Gaston*, 7 So. Rep. 321; *Morris v. Giddens*, 101 Ala. 571; *Dunton v. Keel*, 95 Ala. 159. Such deeds were not admissible in evidence as color of title until they were filed for record.—*Bailey v. Carleton*, 12 N. H. 9; *same case*, 37 Am. Dec. 190; *Woods v. Montevallo Co.*, 84 Ala. 565, *et seq; Flowers v. Jernigan*, 116 Ala. 519.

The court erred in not allowing the defendant to introduce in evidence as color of title under which the defendant claimed the land, the deeds from Cuthbert to Ignard, the judgment and execution against Ignard in the levy and sale, and sheriff's deeds thereunder to Pow-

[Dorlan v. Westervitch.]

ers, and the deed from Powers to Dorlan. The fact that there was uncertainty in the description of land in any of these instruments offered in evidence, was not sufficient to authorize their exclusion.

Where a land described in a deed may, by search and inquiry, be located, the deed is admissible in evidence as color of title.—*Black v. Pratt Coal Co.,* 85 Ala. 510; *Black v. Tenn. Coal Co.,* 93 Ala. 109; *Doe, ex dem. Dorgan v. Weeks,* 86 Ala. 329; *Eufaula Nat. Bank v. Pruett,* 128 Ala. 470; *Pearson v. Adams,* 129 Ala. 157; *Cottingham v. Hill,* 119 Ala. 353; *Liles v. Ratchford,* 88 Ala. 397; *Driggers v. Cassaday,* 71 Ala. 529.

Were it conceded appellee had prior possession, still the burden was on her to prove that Dorlan was a trespasser to entitle her to recover the land from him. *Alexander v. Savage,* 90 Ala. 383; *Gist v. Beaumont,* 104 Ala. 352; *Adams v. Pearson,* 129 Ala. 157, 167, 168. So, therefore, the facts, we respectfully submit, showed affirmatively that Dorlan was not a mere naked trespasser, and not being a trespasser, appellee was not entitled to recover upon her mere claim of prior possession, but should have been put to proof of her legal title, which the record shows she never had and never pretended to have.—*Bradshaw v. Emory,* 65 Ala. 208; *Bernheim v. Horton,* 103 Ala. 394; *Jernigan v. Flowers,* 94 Ala. 508.

Adverse possession of land does not necessarily mean that the land must be enclosed, or built upon. There may be marks or indicia denoting an actual possession of land other than that afforded by a fence or other enclosure, or by buildings.—*Bell v. Denson,* 56 Ala. 444; *Doe, ex dem. Hughes v. Anderson,* 79 Ala. 215; *Norment v. Eureka Co.,* 98 Ala. 189; *Goodson v. Brothers,* 111 Ala. 589; *Adams v. Pearson,* 129 Ala. 157. If the owner knows of the adverse holding, then it becomes immaterial to prove that such holding was "open and notorious" in a suit between the owner and such adverse holder.—*Robinson v. Allison,* 97 Ala. 600; *Lucy v. R. R. Co.* 92 Ala. 250; *Dothard v. Denson,* 72 Ala. 544.

GREGORY L. & H. T. SMITH, *contra.*—Mr. Bart, being upon the stand, and having been shown to be a competent surveyor, was asked to state, "whether or not the land described in the complaint is included in the land described in the deed?" There was an objection to this question as incompetent, illegal. That the identity of the land in ejectment may be proven by parol was decided in this State at a very early date.—*Dare v. Glennon,* 72 Ala. 160; *Bullock v. Malone,* Minor 400; *Chambers v. Ringstaff,* 69 Ala. 140. It was permissible for the plaintiff as a witness to testify how much land she was claiming to own under the deed executed to her by Rose. A claim to land is one of the elements of adverse possession.—*Baker v. Baker,* 108 Ala. 635.

The deed of the probate judge which was introduced in evidence, although not acknowledged, was admissible as color of title. This would have been true, even without record, although it was, in fact, recorded, as appears from the certificate thereon.—*Redwick v. Long,* 124 Ala. 260; *Ala. State Land Co. v. Kyle,* 99 Ala. 474; *Higdon v. Kennemer,* 112 Ala. 351. The second objection to the introduction of this tax deed in evidence as a color of title, upon the ground that the plaintiff could not recover since she was only a tenant in common holding an undivided one-half interest, was certainly not well taken. It will be observed that the question as to what interest one tenant in common owning an undivided interest can recover against an entire stranger to the title is not presented in this case. We see no just reason why a tenant in common owning an undivided interest which entitles him to the possession of the whole property should not, as against a stranger to the title, recover the entire property, and this seems to be the generally accepted theory. Sedgwick and Wait on Trial of Title to Land, § 300, and a large number of cases will be found collated in the note.

The deed from Cuthbert to Ignard, and the other record evidence sought to be introduced by the defendant, were not admissible. Cuthbert, the grantor, had no possession and no title. His deeds could, therefore, have conferred no title upon Ignard, and being void for un-

certainty, were not admissible as a color of title.—*Black
v. R. R.,* 93 Ala. 109 · *R. R. Co. v. Boykin,* 75 Al. 566;
*Ware v. Dewberry,* 84 Ala. 568.

HARALSON, J.—1. L. R. Bart, shown to be the
county surveyor, and one of experience for about twenty
years, surveyed the land sued for in October, 1900, and
made a map of it, which map was introduced in evidence
and was before the witness when testifying. The plain-
tiff handed the witness plaintiff's deed which he said he
would offer in evidence, and asked the witness to state,
"whether or not the land described in the complaint,
[which was also handed the witness] is a part of the
land described in the deed?" and the witness answered
that it was. Before the answer the defendant objected
to the question because calling for incompetent and il-
legal evidence. There was no error here. Land, when
sued for in ejectment may be identified as other prop-
erty.—*Bullock v. Malone,* Minor, 400; *Sikes v. Shows,*
74 Ala. 382; *Payne v. Crawford,* 102 Ala. 399.

2. The plaintiff, among other claims to the property
in question, set up her adverse possession of the same;
that she had lived where she now does, on a part of the
land, claiming it as her own for thirty-six years, and
had been holding and claiming the tract in question
ever since a deed had been made to it by John Rose in
November, 1884, to her and her husband. It was shown
that a man by the name of Shambeau built a house on
it, as the evidence tends to show, in 1894, which house
is referred to on the map as the Dr. Davis house, and
which Davis afterwards leased from the plaintiff.
While plaintiff was being examined, she was asked by
her counsel: "During the time you have been living
there since the deed in 1884 from Rose, have you been
claiming,—how much land have you been claiming to
own?" The defendant objected because the question
called for illegal, irrelevant and incompetent evidence.
It was necessary under her claim of adverse possession,
that plaintiff should prove as one of the elements of such
claim, that she claimed to own the land during the pe-
riod covered by the question. The question called for a

fact, and not the undisclosed intention of the witness as contended for defendant; nor was the evidence illegal or irrelevant, because of the statement that she claimed 175 acres, if the land sued for was a part of it. She testified that Rose claimed this 175 acres before he sold the land to her, and that the land in suit was the same land that was described in his deed to plaintiff—*Bank v. Baker Hill Iron Co.,* 108 Ala. 635.

3. The plaintiff sought and was allowed to introduce a deed to the land from Probate Judge Norton, of the date of the 23d day of May, 1874, to Joseph Rose, and one from Rose to the plaintiff, dated the 1st day of November, 1884. The deed from Horton to Rose was not acknowledged or attested by one witness. The plaintiff had testified that the land sued for, was the land described in the Rose deed; that Rose had occupied it and exercised acts of ownership over it while he owned and claimed it; that the only claim she made to the land was under this deed, and that she and her husband had been claiming it thereunder since 1884. Plaintiff offered these two deeds for the purpose of showing color of title. The defendant objected, separately, to the deed of Horton, because it was. neither acknowledged or attested, nor was it recorded within one or five years from its execution, but was filed and recorded nearly twelve years after its execution, and did not constitute color of title, prior to the date of its record; and to the deed of Rose, because it was not recorded within twelve months from the date of its execution, and because as to plaintiff's husband, it was illegal and irrelevant as there was evidence that he was dead and left six children, and the plaintiff as his widow. The court ruled that both of these deeds were admissible as color of title. In this there was no error. When one, for instance, enters and claims under a void tax deed, it has been held that it is competent as color of title to show the extent of the purchaser's possession, or, in other words, where a tax deed is void for want of acknowledgment, it is operative to give color of title to the land described in it, and to draw to the party to whom it is made possession of the whole upon his taking possession of a part.—*Reddick v. Long,* 124 Ala. 261; *Bank v. Baker Hill Iron Co., supra.*

So far as the objection goes,—that plaintiff was a tenant in common of the land with her children,—it may be said, that the question as to what interest one tenant in common can recover against an entire stranger to the title is not presented in this case. A tenant in common is seized *per my et per tout* and has only an interest in the lands of the cotenancy such as entitles him to the enjoyment of the entire estate as against any one except his cotenants, and each tenant can pursue his remedies independent of the others, and may maintain ejectment alone to try title.—*Hines v. Trantham,* 27 Ala. 359; *Tarver v. Smith,* 38 Ala. 139; *Lowery v. Rowland,* 104 Ala. 420.

4. The witness, Cuthbert, for defendant, testified that he knew Mulford Dorlan, the father of the defendant, was in possession of the Ignard lot and claimed it as his own, but witness did not know what time Dorlan went into possession. There was some evidence introduced, the tendency of which was to show the identity of the Ignard lot with the land or a part of the land sued for. He further stated, that Mr. Mulford Dorlan's claim of possession or ownership of this lot was generally known in the neighborhood; that he had been claiming the land shortly after the time it was sold by the sheriff, but he could not recollect the dates, and that said Dorlan bought the property and spoke to witness frequently of it as his piece of property. The plaintiff objected to the statement of the witness, that said Dorlan spoke to him of the lot as his property, and moved to exclude it, on the ground that it was not a declaration made by Mr. Dorlan on the property and while in his possession, which motion was sustained. Whether this ruling was correct or not, no injury could have resulted to the defendant therefrom, since the plaintiff gave the defendant an unqualified admission that he claimed to own the land while in his possession, and that claim was generally known in the neighborhood where it was situated and was openly and notoriously asserted.

5. The defendant for the purpose of showing color of title under which defendant's claim of adverse possession is based, offered in evidence a duly certified copy of

a deed made by John A. Cuthbert to Philip Ignard, dated November the 9th, 1846, which was duly acknowledged, and recorded as shown, on November 9th, 1866, to the following tract of land described as: "Situated at Alabama Port on Mon Louis Island, in the county of Mobile and State of Alabama, containing six acres more or less, being the same lot on which the said Philip has made improvements on which he resides and which was conveyed by Alexis D. Durand to Audley H. Gazzam in exchange for other lands," etc.

He also offered in this connection the judgment and execution in favor of Dominique Gimon in the circuit court of Mobile county, dated, December, 20th, 1850, the levy and sale thereunder of the same lands above described, and the deed of the sheriff thereto to H. Powell the purchaser of the land at the execution sale, and the deed of the said Powell to Mulford Dorlan, the father of defendant, to said lands, dated the 23d day of May, 1900. The plaintiff objected to each of these documents on grounds that no title was shown in John A. Cuthbert at the time he made the deed; that the land therein is not shown to be the said land in controversy, or that Ignard ever lived on or occupied the land under the deed. The court ruled that the objection was well taken, on the ground that the deed was void for uncertainty. To constitute color of title it is not necessary that the title under which the party claims should be so certain, in the description of the land as that there should be no indefiniteness in it.—1 Cyc. 1082; *Black v. T. C., 1. & R. R. Co.,* 93 Ala. 112. If the description is uncertain but is such as to enable the surveyor in search, and inquiry of facts, to ascertain and locate the land, this is full answer to the charge of uncertainty.—*Black v. Pratt Coal Co.,* 85 Ala. 510. The evidence of the witness Delchamps for the defendant, tends to remove the uncertainty of description and was such as would have enabled a surveyor to locate the land. Moreover, the evidence for the defendant tends to show that he and the one under whom he claims, had been in possession of the land up to the trial for 25

or 30 years. Under such conditions the documents offered in evidence as color of title, on which to found a claim of adverse possession by defendant, should have been admitted.

6. The witness, Reed, testified for defendant, that defendant had placed a wire fence around the land. He was asked if he knew that Mulford Dorlan, defendant's father, who died in 1896, was in possession of this land. He answered, that said Dorlan had his sons-in-law (Criminell and Shambeau) who came there and built houses on the land for said Mulford Dorlan, and that it was all the time known as Dorlan's land. He also testified, that in 15 years, he had been residing where he then lived, near the plaintiff and this land, there had not been any part of the land that defendant had fenced in, inclosed and cultivated by plaintiff. The defendant moved the court to exclude the question and answer of the witness as to whether Mulford Dorlan was in possession of the land, and this was done. This ruling was improper. It tended to support the claim of adverse possession on the part of defendant's father and his own possession as heir and successor by inheritance. The evidence tended to show that Mulford Dorlan had possession of the land for more than ten years before his death, under a claim of *bona fide* ownership, openly asserted and well known, which claim was known to, recognized and acquiesced in by plaintiff.—*Pearson v. Adams,* 129 Ala. 157.

7. The court in its oral charge to the jury told them, "In order to defeat plaintiff's right to recover, the evidence must reasonably satisfy your mind that Mr. Dorlan was in possession of some part of that land claiming it. Having no deed, he could only get a title to the part he was actually occupying, and that must have been openly, notoriously and exclusively, claiming to own it, and that must have continued for a period of ten years without any breach."

This charge was subject to the vice of assuming that the plaintiff had a better right to begin with than the defendant. Each claimed by adverse holding for the period to perfect the title in himself. Neither showed

muniment of title, better than the other.   The charge
thus took from the jury the consideration of the conflict-
ing evidence as to who had the prior possession,—Mul-
ford Dorlan, or Joseph Rose and plaintiff,—notwith-
standing the direct conflict in the evidence on that ques-
tion.   It placed the defendant in the attitude of a tres-
passer, and also relieved the jury from consideration of
that phase of the evidence, and the inferences to be
drawn therefrom, tending to show that plaintiff did not
claim the land, but had admitted to Shambeau and Tam
that it belonged to defendant, and that she had moved
her fence off of it.   If defendant claimed title and pos-
session under *bona fide* belief of right, he is not to be
classed and considered as a trespasser.   The claim and
the intention to claim title and possession, however the
title may be derived, distinguished the possession from
that of a mere trespasser.—*Dothard v. Denson,* 72 Ala.
544.

From what has been said, it will appear that charges
1, 2, 3, 5, 6 and 9 given for the plaintiff each ignores all
the evidence of Dorlan's possession; assumed that plain-
tiff had title or prior possession of the lands, and that
defendant was a mere trespasser.   Besides, these and all
the other charges for plaintiff, ignore that phase of the
evidence, tending to show that plaintiff did not claim
the land, but admitted defendant's possession and claim
thereto.

The 10th and 11th charges each denies to defendant
the presumed right arising out of prior possession of
which plaintiff had full knowledge and acquiesced in,
and this applies also to the 6th charge.   We have re-
ferred only to the charges given which are deemed to be
important.

Charge 1 requested by the defendant was properly re-
fused.   It did not require the recording of the deed to
plaintiff from Rose to make it effective as a color of
title.

Charge 2 is admitted to have been properly refused.
There was evidence upon which charge 3 was requested,
and on the facts hypothecised whether the plaintiff was
entitled to recover, was proper for the determination of

the jury as proposed by the charge.—*Pearson v. Adams,* 129 Ala. 157. Charge 4 was the general charge and was properly refused.

Reversed and remanded.