(81 South. 142)

ROY v. F. M. MARTIN & SON. (5 Div. 272.)

(Court of Appeals of Alabama. Feb. 4, 1919.)

1. COVENANTS ⚖️96(4)—COVENANT AGAINST "INCUMBRANCE"—RIGHT OF REDEMPTION.

The statutory right of redemption is an "incumbrance" on the land within the meaning of a covenant against incumbrances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Incumbrance.]

2. EVIDENCE ⚖️184—DEEDS—CERTIFIED RECORD—PRESUMPTION.

In action for breach of covenant against incumbrance on ground that at time of conveyance the land was subject to the statutory right of redemption by third party, the record of grantor's subsequent deed to such third party or a certified copy thereof was admissible on behalf of plaintiff, in view of Code 1907, § 3374, as amended by Laws 1909, p. 14, without proof that such deed was not in the possession of plaintiff; it being presumed that deed was in the possession of third party.

3. APPEAL AND ERROR ⚖️1079—WAIVER OF ASSIGNMENT OF ERROR—BRIEF.

Where only mention of assignment of error in appellant's brief is "the appellant insists that the circuit court. erred in giving the affirmative charge for plaintiffs as set forth in the statement of facts," the assignment of error was waived.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

Action by F. M. Martin & Son against J. D. Roy. Judgment for plaintiff, and defendant appeals. Affirmed.

Action by plaintiff (appellee here) against defendant (appellant) for breach of warranty against incumbrances. From a judgment for plaintiff defendant appeals.

The case was tried on one count, which averred a conveyance from defendant to plaintiff of certain lands, and alleged that defendant covenanted therein that the interest

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 549.

therein conveyed was free from all incumbrance, and as an allegation of the breach of covenant averred:

"Now the plaintiffs in fact say that at the time of making said deed the premises aforesaid were not free from all incumbrance, but, on the contrary, the plaintiffs aver that at the time of making said deed one Essie L. Reese held the statutory right of redemption to the 135-acre tract of land described in said deed, including the timber thereon, which right of redemption the said Essie L. Reese did exercise on, to wit, the 30th day of January, 1909, and within the time allowed by law, by paying the said J. D. Roy the sum of, to wit, $421.68, the amount due for such redemption, and the said J. D. Roy, on said date, joined therein by his said wife, in consideration of the payment of said money and the right of redemption which the said Essie L. Reese as mortgagor had in the premises, did execute to the said Essie L. Reese as mortgagor a deed conveying back to her the said 135-acre tract of land, and plaintiff was thereupon forced to abandon said tract of land, together with the timber thereon, to the damage of plaintiff," etc.

The point was made by demurrer that the statutory right of redemption does not constitute an incumbrance.

To sustain the allegations of the complaint, plaintiffs offered in evidence deed from Roy and wife to plaintiffs, conveying the timber in question, together with the covenants against incumbrances, and as tending to prove the breach, a subsequent deed from Roy and wife to Essie L. Reese, dated January 30, 1909, conveying the 135 acres of land upon which was located the timber conveyed by Roy to plaintiffs, and reciting that the same was executed in evidence of the redemption of the grantor to said described lands from the purchase thereof by J. D. Roy at a sale of said land under a foreclosure proceeding of a mortgage executed by Essie L. Reese and Warren S. Reese to Eugene C. Gatewood, which said sale was had on July 13, 1918. The defendant objected to the introduction of this last deed in evidence, on the ground that there was higher evidence of its contents, and because its execution was not proven.

The general charge was given at the request of plaintiff.

J. M. Holly and George F. Smoot, both of Wetumpka, for appellant.

A. A. Evans, of Montgomery, for appellee.

SAMFORD, J. [1] We are of the opinion that the statutory right of redemption is an incumbrance on the land, within the meaning of a covenant against incumbrances, and that any effort on our part to further define the meaning of the term would be a work of supererogation. Tuskegee Land & Security Co. v. Birmingham Realty Co., 161 Ala. 556, 49 South. 378, 23 L. R. A. (N. S.) 992; 7 R. C. L. p. 1134. It follows that the demurrer to count 1 was properly overruled.

The next insistence of appellant is that the court erred in permitting appellee to introduce in evidence over his objection the record of the deed from J. D. Roy, appellant, to Essie L. Reese, when she exercised her statutory right of redemption to the lands in question. The grounds of objection were two, but only one ground is insisted upon, and that is that the record of the deed was not the best evidence, because there was no evidence, other than the presumptions arising from the record of the deed itself, that plaintiff did not have possession or control of the original deed. The act of the Legislature (Acts 1909, p. 14) amendatory of section 3374 of the Code of 1907, provides that:

"If it appears to the court that the original conveyance has been lost or destroyed, or that the party offering a transcript had not the custody or control thereof, the court must receive the transcript, duly certified," etc.

[2] It has been so often decided that, where a certified copy of the record is admissible, the record itself is admissible. It will not be necessary to discuss that point. The deed in this case was made from Roy to Reese, the appellee was not a party to it, and had no right to its custody or control, nor was there in the evidence any fact tending to show that the plaintiff ever had the custody or control of this deed. In the absence of proof to the contrary, the law presumes that Reese, and not the plaintiffs, had the custody of the deed from Roy to Reese, and hence, under the statute above referred to, the record of the deed or a certified copy thereof was admissible in evidence.

[3] The only other assignment of error mentioned in the brief of appellant is the action of the court in giving the general affirmative charge as requested by the plaintiffs. All that appellant says with reference to this assignment is as follows:

"The appellant insists that the circuit court erred in giving the affirmative charge for plaintiffs as set forth in the statement of facts."

Under the uniform rulings of this court, this amounts to a waiver of the point. Pearson v. Adams, 129 Ala. 169, 29 South. 977; Ward v. Hood, 124 Ala. 570, 27 South. 245, 82 Am. St. Rep. 205; Williams v. Spragins, Buck & Co., 102 Ala. 424, 15 South. 247; L. & N. R. R. Co. v. Morgan, 114 Ala. 449, 22 South. 20; Henry v. Hall, 106 Ala. 84, 17 South. 187, 54 Am. St. Rep. 22.

We find no error in the record, and the judgment is affirmed.

Affirmed.