(84 South. 305)

OSWELL v. BROWN. (1 Div. 302.)

(Court of Appeals of Alabama. Oct. 21, 1919.)

1. APPEAL AND ERROR ⚖═1079—ASSIGNMENTS WAIVED BY INSUFFICIENT DISCUSSION.

Assignments of error, other than that relating to refusal of affirmative charge to defendant, must be deemed waived, as not insisted upon; the only statement in the brief and argument of defendant appellant's counsel in such connection being that they further believe the court erred in refusing the several charges requested by defendant, and set out as errors on the record.

2. FISH ⚖═5(3)—NEGLIGENCE OF TOWBOAT OPERATOR IN RUNNING INTO DOCK AND TRAP FOR JURY.

In action for negligent destruction of fish boxes, dock, skiff, and certain fish trapped in a navigable stream, case held for jury under evidence as to defendant towboat operator's negligence in running into such property and permitting fish to escape.

3. FISH ⚖═5(3)—TOWBOAT OPERATOR ENTITLED TO USE STREAM WITH CARE TOWARD FISHERMAN'S PROPERTY.

A towboat operator, as well as the general public, was entitled to the free, uninterrupted use of a navigable stream, but was under duty to use ordinary care, so as not to injure a fisherman's property at a dock.

Appeal from Circuit Court, Mobile County; Norville R. Leigh, Jr., Judge.

Action by L. L. Brown against R. H. Oswell for damages for the negligent destruction of property. From judgment for plaintiff, defendant appeals. Affirmed.

The case made by the pleadings is that plaintiff was a fisherman on the waters of Lizard creek, and had moored at a point on said creek three fish boxes, a fish dock, and a skiff, together with about 800 pounds of fish, and that the defendant's servants or agents, acting within the line and scope of their authority, so negligently operated a towboat, the Vindicator, and the E. C. Grace, with its tow, that it ran into and demolished the property of the plaintiff and permitted the fish to escape. The defense was that Lizard creek was a navigable stream, and that the property of the plaintiff as moored in said stream constituted an unlawful obstruction, or was so moored as not to be marked or indicated in any manner so as to give notice of its position.

Rickarby & Austill, of Mobile, for appellant.

The defendant was entitled to the affirmative charge from the facts in this case. T. & C. R. R. Co. v. Danforth et al., 112 Ala. 96, 20 South. 502.

Inge & Kilborn, of Mobile, for appellee.

The general charge was properly refused. Mobile L. & R. R. Co. v. Thomas, 16 Ala. App. 629, 80 South. 693. It was a question for the jury whether plaintiff's property constituted an obstruction to navigation. 112 Ala. 80, 20 South. 502; 99 Ala. 331, 13 South. 51; 132 Ala. 553, 31 South. 374.

BRICKEN, J. Brown (appellee here) brought suit in the court below against appellant, Oswell, for damages to property consisting of fish boxes, docks, and skiff, and to about 800 pounds of fish contained in said fish boxes. The case was tried by a jury, and a verdict and judgment had for plaintiff.

No exceptions were reserved to the rulings of the court upon the trial of this cause, and on this appeal the several assignments of error are based upon the refusal of several special written charges requested by defendant. Among the written charges refused to defendant was the general affirmative charge, and upon the refusal of this charge this appeal must be determined, as it appears from the brief and argument of appellant this is the only assignment of error insisted upon.

[1] Assignments of error other than that relating to the refusal of the affirmative charge to the defendant must be deemed to have been waived, as not being insisted upon; the only statement in the brief and argument of appellant's counsel in this connection being:

"We further believe that the court erred in refusing the several charges requested by the defendant and set out as errors on the record."

Under the uniform rulings of this court and of the Supreme Court, this amounted to a waiver of the points involved. Mobile Light & R. R. Co. v. Thomas, 80 South. 693; [1] Roy v. Martin & Son, 81 South. 142; [2] Pearson v. Adams, 129 Ala. 157, 169, 29 South. 977; W. U. Tel. Co. v. Benson, 159 Ala. 254, 48 South. 712.

[2] A careful examination of all the evidence in this case, as shown by the record, convinces us that the defendant was not entitled to the affirmative charge. The question was one for the jury, and there was ample evidence before the jury to justify a finding by them of negligence on the part of defendant's agents or servants, while acting within the line and scope of their authority, proximately contributing to and causing plaintiff's loss, and also that the property of plaintiff did not constitute an obstruction to the navigability of the stream in question. There was testimony to the effect that plaintiff's property was moored next to the bank in a cove or shoal, the water in which was too shallow to admit of navigation, and that plaintiff's property

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

17 ALA.APP.—13    [1] 16 Ala. App. 629.    [2] 16 Ala. App. 650.

could not directly or indirectly interfere with the use of any part of the stream which was navigable; that there was a fallen tree above the boxes, and that the fish boxes were behind that tree, and were not in the navigable part of the stream, and that they were also protected by two great snags or obstructions, and that his dock or raft lacked 25 feet of coming out as far into the stream as the obstruction; and that it was not over 7 feet from the edge of the bank to the outer edge of the rafts, etc.

[3] Lizard creek was a navigable stream, and the defendant, as well as the public generally, was entitled to the free, uninterrupted use thereof, but in so using the defendant was clearly under the duty to use ordinary care in conducting his business, in order that injury to plaintiff's property might be averted. Gulf Red Cedar Co. v. Walker, 132 Ala. 553, 31 South. 374.

All these questions were clearly for the jury, and the clear, able, and fair oral charge of the court properly submitted them to the jury for its determination.

There is no error, and the judgment of the lower court is affirmed.

Affirmed.