29 So.2d 575

**COSBY–HODGES MILLING CO. v. NANCE.**

**7 Div. 890.**

Court of Appeals of Alabama.

March 18, 1947.

Rains & Rains, of Gadsden, and Leonard Crawford, of Fort Payne, for appellant.

Scott & Dawson, of Fort Payne, for appellee.

CARR, Judge.

Plaintiff below, appellee here, brought suit based on the alleged negligence or unskillfulness of appellant's agent.

The defendant sold hog feed and had among its employees Mr. Whitmire, a veterinarian. When requested by the farmers, he would inoculate their hogs to produce immunization against cholera. No charge was made for this service, but the hog owners were required to pay for the serum used.

A reasonable interpretation of the evidence leads to the conclusion that this favor was a good-will gesture on the part of the feed company. The practice was intended as an invitation for customers and to furnish an increased sale outlet for hog feed.

In keeping with this plan and custom, Mr. Whitmire inoculated some hogs for the appellee. Soon thereafter the swine died. Damage is claimed in the suit for this loss.

A jury, in the court below, found in favor of the plaintiff. From a judgment entered thereon, the defendant prosecutes this appeal.

A conflict appears in the evidence as to whether or not the veterinarian inoculated the animals on one or two occasions within a period of several days, but it is established without contradiction that there was at least one treatment. The death of the hogs is not in dispute.

A factual issue is presented in regard to the skillfulness, vel non, of the methods employed in the process of the inoculations. Be this as it may, the action of the trial court in denying the general affirmative charge in appellant's behalf is not among the assignments of error.

Assignments numbered 15 and 16 are not sufficiently emphasized in brief of counsel. There is no reference therein whatever to No. 16, and in support of No. 15 we find only: "The 15th Assignment of Error, 'The Court erred in overruling the Defendant's motion for a new trial.' By referring to this motion, it will be noted that the Appellant due to reverse an exception thereto, and it seems to us that this motion, in view of all testimony in this case, should have been granted."

It is apparent that a part of the verbiage of the statement is meaningless, but if we supply the words that were evidently intended, it would still remain insufficient to comply with the rule and invoke review by the appellate court. Smith v. Webb, 17 Ala.App. 148, 82 So. 638; Oswell v. Brown, 17 Ala.App. 193, 84 So. 305.

The remaining assignments of error are based on the rulings of the trial court to the introduction of testimony.

Those numbered 1, 2, 3, 4, 5, 6, and 7 present for review his action in overruling objections of the appellant to questions which had the evident purpose of establishing in the proof the agency of Mr. Whitmire.

If there was error on any of these occasions, it was without injury to the objector. While testifying, Mr. Whitmire admitted to facts that constituted him the agent of the appellant, and from these admissions it is plainly evident that his duties required him to inoculate hogs, should requests be

made. He said that he was working for Cosby-Hodges Milling Company, the appellant; that he was employed "to work like this for customers of the company" and "didn't refuse anybody that were not our customers"; that for this service he received a salary from his employer.

 It is a familiar rule that the primary court will not be cast in error in admitting testimony that relates to facts that are not in conflict. Tarwater v. State, 16 Ala.App. 140, 75 So. 816; Hornsby v. State, 16 Ala.App. 89, 75 So. 637.

The action of the court in overruling objections to questions, which ruling is made the basis for assignments of error 8 and 10, is not properly presented. The objections were interposed after the questions had been answered. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Smith v. State, 16 Ala.App. 546, 79 So. 802.

A witness who was present and assisted with the inoculation of the hogs was asked: "Did this man inoculate the hogs with a hypodermic needle?" The court, over appellant's objections, allowed the witness to answer: "Sure did." There was no dispute in the evidence about the inquiry, even though it might be successfully contended that the witness was not sufficiently acquainted with a hypodermic needle to make answer. Authorities, supra. We are now considering assignment of error Number 9. Our conclusion, that error cannot be charged here, can be sustained for another reason. The assignment in question is grouped in argument in brief of counsel with those numbered 7 and 8. If any one so grouped is without merit, a consideration of the others may be pretermitted. Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479.

While testifying on direct examination the appellee was interrogated: "Now then just tell what the conversation was between you and him about inoculating those sows." Over timely objections by appellant's counsel, the witness was permitted to answer: "He came by as usual and talked about other work over the community."

Reference is here made concerning a conversation between the owner of the hogs and Mr. Whitmire prior to the treatment incident. Without doubt the question called for a matter of material inquiry to the factual issues in the case. It appears that the answer is not responsive to the question. The objector did not move the court to exclude the irresponsive answer, and therefore no error can be charged.

We have treated all questions presented for our review, and we do not find any prejudicial error in the record.

The judgment of the court below is ordered affirmed.

Affirmed.