# Beall Brothers *v.* Johnstone & Hammond.

## *Action of Assumpsit.*

1. *General affirmative charge; when should not be given—*In the trial of a civil case, when conclusions which differently affect the result of the suit, may be drawn from the evidence as a whole, the general affirmative charge in favor of either of the parties to the suit, should not be given, although the evidence may not be in direct conflict.

2. *Evidence; when objections to questions asked properly sustained.—*Where, upon the examination of a witness in the trial of a case, questions propounded could be answered as well by legal as by illegal testimony, it is not error for the court to sustain objections to such questions.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. J. C. RICHARDSON.

This action was brought by the appellees, Johnstone & Hammond, against the appellants, Beall Brothers, to recover a balance alleged to be due upon an account between the plaintiffs, as cotton factors, and the defendants. The complaint contained several special counts together with the common counts. The third count of the complaint claimed the entire sum which had been advanced by the plaintiffs to the defendants on certain cotton shipped to plaintiffs by defendants.

The defendants pleaded three pleas, which were the general issue, payment, and set-off, and upon these pleas issue was joined and the trial was had thereon. The point of contention, as disclosed by the evidence, related to 124 bales of cotton, which were sold by the plaintiffs on the 18th day of March, 1901, and which the defendants claimed were, as a matter of fact, sold on December 3, 1900, when the price was much higher, and the defendants claim that they were entitled to be credited for the 124 bales of cotton at the price at which they were, or should have been sold, on December 3, 1900.

There were several exceptions reserved by the defendants to the rulings of the trial court in sustaining plaintiff's objections to questions propounded by the defendants to one of the plaintiffs, who was examined as a witness, relative to the circumstances under which they wrote the letter to the plaintiffs on January 30, 1901; but it does not appear from the bill of exceptions what answers would have been given to such questions, even if they were competent and were allowed to be answered. The other facts of the case are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiffs. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

J. M. CHILTON and RUSHTON & POWELL, for appellants.

HARMON, DENT & WEIL, contra.—Even if defendants had any rights against plaintiffs, growing out of the letter of December 3d, by which defendants were informed of the sale of 124 bales of cotton in controversy, defendants could not assert or obtain the benefit of such rights except by plea of recoupment in this suit. No plea of recoupment having been filed by defendant, the affirmative charge was properly given for the plaintiffs.—Lawton v. Ricketts, 104 Ala. 430.

Although a factor may violate his duty to his principal, yet when the factor informs his principal of his act, and the principal fails to repudiate the same within a reasonable time, he is held to have ratified the same. Comer v. Way, 107 Ala. 300.

SHARPE, J.—On December 3, 1900, plaintiffs, as commission merchants, had stored in Montgomery 366 bales of cotton consigned to them by defendants, and had also bills of lading for 124 other bales of cotton defendants shipped to them from Luverne, Alabama, but which had not reached Montgomery. On that day plaintiffs by telegram and letter reported to defendants that they

had sold the 490 bales of which they so had control at 9½ cents per pound. There is evidence tending to show that on December 6, 1900, one of plaintiffs' firm reported in person to one of the defendants' firm that the whole amount of 490 bales had been sold. In a letter dated December 6, 1900, plaintiffs wrote defendants to effect that the 124 bales represented by the bills of lading referred to, were not included in the sale of December 3, of that year, for the reason that they had not then reached Montgomery, and that, therefore, plaintiffs in making up the 490 bales sold, had substituted for the 124 bales, cotton other than the defendants, and that this was done, was testified to by witnesses for plaintiffs. There was evidence tending further to show that in correspondence following plaintiffs' last mentioned letter, defendants claimed credit for the reported price of the whole amount of their cotton; also, that on January 30, 1901, they wrote plaintiffs inquiring what offer they could get for cotton designated in the letter, by marks identical with those of the 124 bales. On March 18th, 1901, plaintiffs reported to defendants that in that month those bales were sold at the price of 8¼ cents per pound. To this report defendants replied by letter in which they referred to the report of sale made in the previous December and insisted on receiving credit according to the higher price then reported as having been obtained. Whether they were entitled to such credit was on the trial the question in dispute.

At plaintiffs' written request the court charged: "If the jury believe the evidence, they must find for the plaintiffs under the third count of the complaint and assess the damages at the amount of the account of March 18th, 1901, together with interest thereon from the time said account was presented to defendants by plaintiffs." By this charge the court invaded the province of the jury. Though the witnesses whose testimony negatived the sale in December, 1900, of the 124 bales, were not directly contradicted on the trial, yet the reports first made by plaintiffs of that sale, amounted to admissions, such as might have afforded an inference adverse to that testimony. When conclusions differently affecting the

results of a suit may be drawn from the evidence as a whole, a charge so directing the verdict should not be given though the evidence be not in direct conflict.—*Ala. Gold Life Ins. Co. v. Mobile, etc. Ins. Co.,* 81 Ala. 329; *U. S. Life Ins. Co. v. Lesser,* 126 Ala. 568, 588; 1 Brick Dig. 335, § 4; Blashfield's Instructions to Juries, § 5.

The questions calling on J. W. Beal to explain the defendants' letter of January 30th, 1901, and referred to in the first and second assignments of error, could have been answered as well by illegal as by legal testimony and were, therefore, too general.

For the error pointed out the judgment will be reversed and the cause remanded.

Reversed and remanded.