# Schneider *v.* Mobile L. & R. R. Co.

*Action for Damages for Causing Death of Intestate.*

(Decided April 28, 1906.  40 So. Rep. 761.)

1. *Street Railroads; Vehicles; Rights in Streets; Relative Duties.*— The rights of street cars operated in the public streets and citizens travelling in vehicles along said streets are correlative, each being the same, and neither having an exclusive

right, and a motorman of a street car is not bound to stop his car on account of the presence of vehicles in the street, on his tracks, until he becomes conscious of the fact that the driver of the vehicle is unaware of his danger, but when he becomes reasonably assured of that fact he must use all means in his power to stop his car.

2. *Same; Negligence; Evidence.*—Evidence in this case stated and examined and held not to establish negligence on the part of the street car company, or its agents or servants.

APPEAL from Mobile Circuit Court:

Heard before Hon. WILLIAM S. ANDERSON.

Action by Hannah Schneider as administratix against the appellee for damages for causing the death of her intestate. The facts upon which the opinion is rested and which was excluded by the court on motion of the appellee are sufficiently stated in the opinion of the court.

R. H. and N. R. CLARKE, for appellant.—The track being imbedded in the street was a part of the same and hence deceased was not a trespasser.—*Glass' case*, 94 Ala. 581. The court erred in excluding the testimony of Bobe. He was shown to have been a conductor for six months before the accident and was competent to testify as to the distances in which the power could be stopped. —*M. & M. Ry. Co. v. Blakely*, 59 Ala. 471; *L. & N. R. R. Co. v. Sandlin*, 125 Ala. 585; *Freeman v. Trav. Ins. Co.*, 144 Mass. 572. The court erred in excluding all of the testimony offered by the plaintiff.—Authorities supra.

GREGORY L. and H. T. SMITH, for appellee.—The rule is thoroughly settled that the engineer or motorman in charge of a car being operated along a street seeing an adult person upon the track may assume that he will leave the track in time to avoid the collision and may continue to act upon this presumption without undertaking to stop his car until it becomes apparent that the person upon the track does not know of the approaching car or that he cannot or will not leave the track. In this case, the evidence is undisputed that the persons in

[Schneider v. Mobile L. & R. R.]

the buggy not only knew of the approach of the car but that the buggy turned out from the track and that the intestate either jumped or fell in front of the car.—*L. & N. R. R. Co. v. Blake,* 89 Ala. 316; *Burson v. L. & N. R. R. Co.,* 116 Ala. 201; *C. of Ga. Ry. Co. v. Foshee,* 125 Ala. 226; *So. Ry. Co. v. Shelton,* 136 Ala. 210; *So. Ry. v. Bush,* 122 Ala. 483. When the testimony introduced by the plaintiff does not make out a *prima facie* case, it should be excluded on motion.—*Tal. Ins. Co. v. Peacock,* 67 Ala. 262; *Gulf Con. v. L. & N. R. R. Co.,* 121 Ala. 624; *Pritchett v. Sweeney,* 109 Ala. 659; *Am. L. Co. v. Baker,* 119 Ala. 351. Plaintiff's evidence failed to make out a *prima facie* case.

DENSON, J.—This action is brought to recover damages for the death of the plaintiff's intestate, who was struck and killed by one of defendant's electric trolley cars while passing along Government street, in the city of Mobile, on the 3d day of June, 1902. The trial was had on the first count and the general issue, plea A and the replication to plea A, plea E and the replication to plea E, and a further plea filed April 22, 1904; upon the second count, the general issue and plea A, and the replication thereto, plea E and pleas B, C, and D; upon the count numbered 2½ as last amended, the general issue and plea B; upon the third count as last amended, the general issue, plea A and the replication thereto, and further plea filed April 22, 1904; and upon the fourth count as last amended, plea of the general issue, plea A and the replication thereto, plea E and the replication thereto, and on the further plea filed April 22, 1904. At the conclusion of the plaintiff's evidence the court on motion of the defendant excluded all the evidence on the ground that it did not make a *prima facie* case for recovery against the defendant. The court then, at the request of the defendant in writing, charged the jury that, "all the evidence having been excluded, it is the duty of the jury to find a verdict for the defendant." A verdict was accordingly rendered for the defendant, and

from a judgment rendered on the verdict this appeal was taken by the plaintiff.

The only assignments of error that are insisted on in the brief and argument of counsel for the appellant are those which relate to the rulings of the court excluding the evidence and giving the affirmative charge. The discussion here will be confined to the assignments of error insisted on. The evidence shows that Government street, in the city of Mobile, is a public street; that the defendant's street railway is imbedded in said street, so that it became a part of the street. On this railway the defendant, on the 3d day of June, 1902, was operating one of its electric trolley cars, and about 1 o'clock p. m. of that day the plaintiff's intestate was run upon and killed by said car, the car being designated as No. 45. The car, in charge of the conductor and motorman, turned into Government street on the corner of Royal and Government streets, and was proceeding along Government street when the plaintiff's intestate was killed at a point between Dearborn and Wilkinson streets. The deceased was riding in a buggy with one Burger. The buggy was being drawn by a horse. Burger was driving and deceased was sitting on the seat with him, to his left. The buggy was being driven in the car track ahead of the car; the car following the buggy.

"The sum of the adjudicated cases bearing upon the relative rights of street cars and citizens traveling in vehicles drawn by horses or other animals is that both have a right to use the streets, but that neither has the exclusive right." The motorman of a street car is not necessarily obliged to stop his car when he sees a man driving in a vehicle along the line of railway ahead of the car; but he may continue to run the car in a proper manner until he is conscious of the fact that the driver is unaware or heedless of his danger. When he is thus conscious, it is his duty to use all reasonable care and diligence to avoid running the car onto the vehice. Seeing a man driving along the track, the motorman may assume that he will turn aside and out of the way of the car; but he cannot rest on the assumption so long as to

allow his car to reach a point where it will be impossible for him to control his car or give warning in time to prevent injury to the man or vehicle. In other words, "if a person be seen on the track of a street railway, it may be assumed, if the person be an adult, that he will leave the track before the car reaches him; and this presumption may be indulged so long as danger does not become imminent, but no longer. From the time that danger is seen to be imminent it becomes the duty of the motorman to use the highest degree of care to arrest it, and a failure to do so will constitute culpable negligence, which may or may not fix liability, as that question may be affected by contributory negligence."—*Galveston City Railroad Co. v. Hewitt*, (Tex. Sup.) S. W. 705, 60 Am. Rep. 32; *Birmingham Railway Co. v. Bowers*, 110 Ala. 328, 20 South. 345.

From the evidence in the case these facts are undisputably established: The motorman discovered the buggy proceeding along the track ahead of his car and gave warning of his approach; that the deceased and the driver of the vehicle heard the warning and saw the car approaching in ample time for the buggy to be turned aside from the track and it was turned aside, and it and the driver who remained in the buggy were untouched and unharmed by the car; that as the buggy cleared the track the deceased either jumped or fell from the buggy and was run over by the car. The law does not impose upon a motorman the duty of providing against what he has no reasonable ground to believe will happen. "The legal obligation is to take proper precaution to guard against what is the usual or justly expected consequence of one's acts, not against unexpected, unusual, or extraordinary results." It would seem, then, from the undisputed facts, that, notwithstanding the proof is not very clear as to the rate at which the car was running, the motorman was guilty of no negligence with respect to the occupants of the vehicle; for his warning was noted and the vehicle cleared the track at least four feet ahead of the car, and, but for the extraordinary happening of the deceased either jumping or falling out of the buggy, no

harm would have come to him.—*Little v. Carolina C. R.
Co.,* 118 N. C. 1072, 24 S. E. 514.

We are constrained to hold that it does not appear
from the evidence that negligence on the part of the mo-
torman was shown, and with the evidence all in the court
would have been warranted in giving the general charge
for the defendant, if it had been requested. Therefore,
no injury resulted to the plaintiff in sustaining the mo-
tion to exclude the evidence. It follows that the judg-
ment appealed from must be affirmed.

Affirmed.

WEAKLEY, C. J. and HARALSON and DOWDELL, JJ.,
concur.