# McCormack Harvesting Machine Co. *v.* Lowe.

## *Assumpsit.*

(Decided May 9, 1907. 44 South. 47.)

1. *Trial; Directing Verdict; Conflicting Evidence.*—Where there is a material conflict in the evidence, or where there is evidence affording an inference adverse to the rights of the party requesting the affirmative charge, it should not be given.

2. *Sales; Principal and Agent; Implied Authority of Agent; Jury Question.*—Where it appeared that the time of the sale the machine was in possession of the local agents and that the general agent was authorized to aid the local agent in disposing of the machine in question, an inference was raised and it was open to the jury to infer that the authority of the general agent to deliver a machine to defendant at a certain place was without limitation, although such general agent had no authority to contract for delivery at any other than a designated place different from that expressed in the contract of sale.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by the McCormack Harvesting Machine Company against H. W. Lowe. There was judgment for plaintiff which on motion was set aside and a new trial granted to defendant, from which judgment plaintiff appeals. Affirmed.

W. H. CATHER, for appellant.—The evidence was manifestly in favor of the verdict and the judgment of the

court granting a new trial should be reversed.—*White v. Blair*, 95 Ala. 147; *Dillard v. Savage*, 98 Ala. 598; *Lee v. DeBardelaben*, 102 Ala. 628. The affidavit as to surprise is not sufficient to overcome the evidence in the case.— *Wells v. Gallagher*, 39 South. 747. The agreement of Wyatt to deliver the machine at Leesburg is not binding on plaintiff.—*Lazarus v. Sherrer*, 2 Ala. 718; *Crawford v. Barclay*, 18 Ala. 270; *Johnson v. Alabama Glass Co.*, 90 Ala. 505.

H. H. WHITE, and H. M. REED, for appellee.—Wyatt was the general agent with general authority and principal was bound by his acts.—*Gibson v. Snow Hdw. Co.*, 94 Ala. 346; *Rhodes Furn. Co. v. Weedon & Dent*, 108 Ala. 252. At least the question should have been submitted to the jury.—4 Mayf. 529; 47 Am. Rep. 516. It cannot be contended that defendant should have known that the agent did not have authority to deliver at Leesburg, when it was admitted by plaintiff that he had authority to deliver at Cedar Bluff.—*Wheeler v. McGuire*, 6 Ala. 398; *Weeden v. Clark*, 94 Ala. 505. The scope and character of the business which he is employed to transact is as to third persons the extent and measure of his authority.—*Wheeler v. McGuire, supra; Montgomery Furn. Co. v. Hardaway*, 104 Ala. 100; *Louisville Coffin Co. v. Stokes*, 78 Ala. 372. The court erred in giving the affirmative charge for plaintiff.—*Warren v. Fields*, 131 Ala. 304. That being true he properly granted a new trial.—*Dillard v. Savage*, 98 Ala. 598.

DOWDELL, J.—This appeal is taken from a judgment of the court granting a new trial. The suit was brought upon several notes. The defendant, among other pleas, pleaded a failure of consideration. Issue was joined on the plea. The consideration of the note sued on was a binder machine sold by the plaintiff to

the defendant and to be delivered at a future day. The undisputed evidence showed that the defendant never had possession of the machine. There was a conflict in the testimony as to where the machine was to be delivered to the defendant; the testimony of the defendant being that the machine was to be delivered at Leesburg, Ala., and that it was never so delivered, while the testimony on behalf of the plaintiff was that it was to be delivered at Cedar Bluff, Ala., and that it was so delivered there and, furthermore, that the agent of the plaintiff company making the contract of sale with the defendant had no authority to contract for a delivery to the defendant at any other place than Cedar Bluff.

The rule is well settled by this court that the affirmative charge should never be given when there is a material conflict in the evidence, or when there is evidence affording an inference adverse to a right of recovery by the party requesting the charge. The evidence in the case before us showed without dispute that the machine, the consideration of the notes sued on, was at the time of sale to the defendant at Cedar Bluff. The headquarters of the plaintiff and its place of business was in Chicago, Ill., and the agent who made the contract of sale with the defendant was a general agent of the plaintiff. While the evidence showed that the agent had no authority to contract in the sale of machinery for shipment and delivery at any other place than Cedar Bluff, where Burnett & Bro. were the local agents of the plaintiff for the sale of machinery in that territory, and that the general agent so informed the defendant, yet it was further shown by the evidence that the machine, the consideration of the notes, had already been shipped out of Chicago to Cedar Bluff before the contract was made with the defendant, and was at the time of the contract in the possession of Burnett & Bro., the local agents at

Cedar Bluff. The evidence also showed that the general agent was authorized to aid the local agents in disposing of machines. This must have had reference to machines already consigned to Burnett & Bro. at Cedar Bluff and in their possession, and it was open to the jury to infer that, notwithstanding the general agent had no authority to contract "to deliver machinery elsewhere than consigned to the care of Burnett & Bro., at Cedar Bluff," there was no limitation on the authority of such general agent, in making a sale to the defendant after the machine had been consigned and delivered to Burnett & Bro. at Cedar Bluff, to contract for a delivery at Leesburg.

The trial court, upon a conclusion of the evidence, at the request of the plaintiff in writing, gave the general affirmative charge to find for the plaintiff. The giving of this charge was made one of the grounds of the motion for a new trial. The court in giving this charge committed error, and properly granted the motion for a new trial.

The judgment appealed from will be affirmed.

. TYSON, C. J., and ANDERSON and McCLELLAN, J.J., concur.