# Bowen *v.* Hamilton.

## Trover.

### (Decided November 16, 1916.   73 South. 5.)

1. **Charge of Court; Directing Verdict.**—The defendant is not entitled to have a verdict directed unless there is no evidence tending to establish plaintiff's case, since the sufficiency of the evidence is not for the court where there are conflicting tendencies, but should be submitted to the jury.

2. **Trover and Conversion.**—Under the evidence in this case, it was for the jury to determine whether plaintiff should recover for the fifty bushels of corn alleged to have been converted.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Trover by S. I. Hamilton against F. L. Bowen.   Judgment for plaintiff and defendant appeals.   Affirmed.

Transferred from Court of Appeals.

J. M. HOLLY, for appellant.   T. G. HILYER, for appellee.

THOMAS, J.—The suit is for the wrongful taking and the conversion of 50 bushels of corn, to which the plaintiff claimed title and right of possession under a mortgage given by H. C. Black to plaintiff, of due date September 15, 1913.   The mortgage contained the following clause: "And to secure the above obligation when same becomes due the said H. C. Black hereby sell and convey unto the said S. I. Hamilton entire crop of corn, cotton, cotton seed, oats, wheat, peas, potatoes, sugar cane, and all other agricultural products grown and raised by and all right, title, and interests in said crops grown by tenants under me, or cotenants with me in Elmore county, Alabama, during the year 1913. * * * And it is expressly agreed that no power shall be given me to dispose of the above property, or any part thereof, without the written consent of the owner of this mortgage.   To have and to hold to the said S. I. Hamilton, heirs and assigns forever."

The plaintiff's evidence was such as would warrant the jury in inferring that the mortgage was due; that defendant admitted to plaintiff that the mortgagor sold him some corn raised in the year 1913; that the corn was raised by mortgagor in Elmore county; that the corn was at the time worth 90 cents per bushel;

[Ex Parte State, in re Brooms v. The State.]

that demand was made on defendant for the same; but that it was not delivered up, nor payment made therefor to the plaintiff. The evidence further showed the recordation of defendant's mortgage on Black's crop grown for that year, subsequent to the recordation of plaintiff's mortgage.

There was evidence from which the jury might infer that 44 bushels of the corn in question, grown by Black in Elmore county in the year 1913, was by the defendant taken and converted, to the plaintiff's damage.

(1) The affirmative charge can be given at the defendant's request only when there is no evidence which tends to establish the plaintiff's case. It is not for the court to judge of the sufficiency of the evidence, nor to decide which of conflicting tendencies of the evidence should be adopted by the jury.—*McCormack Co. v. Lowe*, 151 Ala. 313, 44 South. 47; *M., J. & K. C. R. R. Co. v. Bromberg*, 141 Ala. 258, 37 South. 395; *Tobler v. Pioneer M. & M. Co.*, 166 Ala. 517, 52 South. 86; *Shipp, et al. v. Shelton*, 193 Ala. 658, 69 South. 102; *Amerson v. Corona C. & I. Co.*, 194 Ala. 175, 69 South. 601.

(2) There was no error in refusing the affirmative charge requested by defendant.

Affirmed.                                .

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.