(80 South. 693)

## MOBILE LIGHT & R. CO. v. THOMAS.
### (1 Div. 216.)

(Court of Appeals of Alabama. Nov. 12, 1918. Rehearing Denied Dec. 17, 1918.)

1. APPEAL AND ERROR ☞1078(1)—ASSIGNMENTS OF ERROR—WAIVER.

Assignments of error not insisted upon in appellant's brief must be deemed waived.

2. TRIAL ☞260(1) — INSTRUCTION ALREADY GIVEN—REFUSAL.

Refusal of defendant's requested charge was not reversible error, where law stated therein was fully covered by charges given at defendant's request, and also by oral charge of court.

3. APPEAL AND ERROR ☞1066—GIVING ABSTRACT INSTRUCTION—REVERSIBLE ERROR.

Evidence being without conflict that plaintiff saw street car approaching, instruction that if motorman saw plaintiff on the track failure to give warning by sounding gong constituted negligence was abstract, but its giving was not reversible error.

4. STREET RAILROADS ☞99(13) — USE OF STREETS—RECIPROCAL RIGHTS AND DUTIES.

It is as much the duty of one driving on a street car track to keep a lookout in each direction for approaching cars when sufficiently near the track or upon the track as it is the motorman's duty to keep a lookout.

5. STREET RAILROADS ☞81(3), 90(4)—SPEED OF CARS—DUTY AS TO PERSONS ON TRACK.

It is the duty of the carrier to operate its cars in public streets under such speed that they may, with skilled application, be stopped and injury averted; but the operative of the car may assume that apparently adult persons, or property such as horses and vehicles in control of persons apparently adult, will leave the track in time to avert injury.

6. STREET RAILROADS ☞93(4) — DUTY OF MOTORMAN AS TO PERSON ON TRACK.

After danger to person in close proximity to track or upon track becomes apparent, it is the duty of the motorman to use such means as are in his power to avert injury.

7. STREET RAILROADS ☞93(2) — DUTY OF MOTORMAN ON APPROACHING CROSSING.

The court erred in instructing that it is the duty of those in charge of street cars to retain such control on approaching a crossing as to be able to bring them to a full stop before striking one in the act of crossing track.

8. TRIAL ☞142, 143—AFFIRMATIVE CHARGE.

The affirmative charge should never be given when there is a material conflict in the evidence, or where there is evidence affording an inference adverse to the right of recovery by the party requesting the charge.

9. STREET RAILROADS ☞117(36)—COLLISION WITH STREET CAR — WANTONNESS — EVIDENCE.

In action for injuries due to collision between a wagon driven by plaintiff and one of defendant's street cars, evidence held to warrant submission of question of wantonness.

10. DAMAGES ☞216(1)—PERSONAL INJURIES.

Instruction that in determining amount of damages disabling effects of plaintiff's injury or injuries, past and prospective, loss of time, loss of profits, doctors and medicine bills reasonably incurred, incapacity to do as profitable labor as before the injury, and mental and physical suffering may be considered, held properly given.

Appeal from Law and Equity Court, Mobile County; Saffold Berney, Judge.

Action by Elijah Thomas against the Mobile Light & Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, ante, p. 313, 77 South. 463; 201 Ala. 493, 78 South. 399.

Harry T. Smith & Caffey, of Mobile, for appellant. Webb, McAlpine & Grove, of Mobile, for appellee.

PER CURIAM. This action was brought to recover damages for an alleged personal injury received by plaintiff as the result of a collision between a wagon he was driving and a car operated by the defendant. The collision took place at the intersection of two streets in a populous city, while plaintiff was attempting to cross the tracks of defendant company, with a wagon drawn by a horse which he was driving.

[1] There are 16 assignments of error, as noted in the record, but many of these are not insisted upon in the brief of counsel for appellant, and hence, under the ruling of this court and of the Supreme Court, must be treated as waived. Brown v. Shorter, 195 Ala. 692, 71 South. 103; Carbon Hill Co. v. Cooper, 3 Ala. App. 460, 57 South. 81.

[2] Assignment of error No. 9 is based on the court's refusal to give, at the request of the appellant, the following charge:

"The court charges the jury that if they are reasonably satisfied from the evidence that the plaintiff drove upon the track of the defendant before the car which collided with the wagon which plaintiff was driving and so near to said car that it was impossible to stop or check the car so as to avoid the collision, then the verdict must be for the defendant."

The proposition of law stated in the foregoing charge is correct, and is supported by the authorities cited in the briefs of appellant's counsel; but the law as stated in the charge is fully covered by charges numbered 11 and 14, given at the request of the appellant, and also in the oral charge of the court to the jury. It follows, therefore, that the refusal of this charge is not reversible error.

[3] Assignment of error No. 12 is based upon the action of the court in giving charge No. 3, as requested in writing by the plaintiff, which charge is in the following language:

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Gentlemen of the jury, if you believe from the evidence in this case that the motorman operating the car that struck the plaintiff saw the plaintiff on the track on which the car was running or dangerously near to it, and failed to give warning by sounding his gong or bell, such failure to so warn constitutes negligence, if you further believe that the injury would have been avoided if the warning was given."

[4] The relative rights of travelers in public streets and street cars operated thereon have been defined as being equal, not exclusive in favor of or against either. Schneider v. Mobile Lt. & R. R. Co., 146 Ala. 344, 40 South. 761; Anniston Elec. & Gas Co. v. Rosen, 159 Ala. 202, 48 South. 801, 133 Am. St. Rep. 32. It is as much the duty of one driving on the street car track to keep a lookout in each direction for approaching cars when sufficiently near the track or upon going on the track as it is the motorman's duty to keep a lookout for him. Merrill v. Sheffield Co., 169 Ala. 243, 53 South. 219. And as was said in Anniston Elec. & Gas Co. v. Rosen, supra:

"The exercise of the common right by each must be such as not to unreasonably hinder or endanger either in the use of the street."

[5, 6] This necessarily imposes upon the carrier the duty to operate its cars in public streets under such speed that if persons or property be upon or dangerously near the track of the street railway, the car may be, with skilled application of stopping appliances, stopped, and injury thereto averted; but this duty is qualified to the extent that the operative of the car may assume that apparently adult persons, or property such as horses and vehicles in the control of persons apparently adult, will leave the track in time to avert injury. Anniston Elec. & Gas Co. v. Rosen, supra. After danger to persons in close proximity to the track or upon the track becomes apparent, it is the duty of the motorman to use such means as are in his power to avert injury. If the person on the track and in danger is not aware of the approach of the car, and by a sounding of the gong his attention may be so attracted and thus he may save himself by getting out of the way, or if the danger is apparent, the motorman may use his appliances to stop the car to prevent the injury. But in the instant case, the evidence is without conflict that the plaintiff saw the car approaching, knew it was coming at a rapid rate of speed, and hence it is patent that the sounding of the gong would in no wise have aided in preventing the injury complained of. Therefore charge 3 was abstract, but the giving of such charge is not reversible error.

[7] The fifteenth assignment of error is based upon the giving of charge 6 at the request of the plaintiff, which charge is in the following language:

"Gentlemen of the jury, the public has the right to use the street on which a street car is being operated and to cross the track at any suitable point for the purpose of getting from one side to the other, and it is the duty of those in charge of the car so using the track to retain such control over the cars on approaching a crossing as to be able to bring them to a full stop before striking one in the act of crossing the track."

In the case of Garth v. Ala. Traction Co., 148 Ala. 96, 42 South. 627, it is said:

"A charge asserting that it was the duty of the motorman to keep such control of his car as to be able to bring it to a safe stop before striking one in the act of crossing the track was erroneous, because imposing on the motorman the duty to stop his car without regard to the suddenness with which a person came on the track."

In line with that case and with the later case of Schneider v. Mobile Light & R. R. Co., 146 Ala. 348, 40 South. 761, we hold that the court erred in giving charge 6 as requested by the plaintiff.

The basis of the sixth assignment of error is the refusal of the court to give, at the request of the defendant, the following charge:

"The court charges the jury that if they believe the evidence in this case, they cannot find a verdict for plaintiff under the third count of the complaint."

[8, 9] The rule is well settled in this state that the affirmative charge should never be given when there is a material conflict in the evidence, or where there is evidence affording an inference adverse to the right of recovery by the party requesting the charge; and where conclusions which differently affect the result of a suit may be drawn from the evidence as a whole, the general affirmative charge in favor of either of the parties to the suit should not be given, although the evidence may not be in direct conflict. McCormick Harvesting Mach. Co. v. Lowe, 151 Ala. 313, 44 South. 47; Beall Bros. v. Johnstone & Hammond, 140 Ala. 339, 37 South. 297. This principle has been followed uniformly in all of the cases of this court and of the Supreme Court. We have examined the evidence in this case, and are of the opinion that there was sufficient evidence to warrant the court in submitting the question of wantonness to the jury.

[10] It was not error for the court to give charge No. 1, made the basis of assignment of error No. 11, requested by the plaintiff, in the following words:

"Gentlemen of the jury, if you believe from the evidence in this case that if the plaintiff is entitled to recover, in estimating the amount of damages he is entitled to, if any, you may take into consideration the disabling effect of the injury or injuries, past and prospective, loss of time, loss of profits, doctors and medicine bills reasonably incurred, the incapacity to do as

profitable labor as before the injury, and the mental and physical suffering caused by such injury."

Having held that the court did not err in refusing to give the general affirmative charge as to the third count, alleging wantonness, it follows that charge No. 1 was properly given, as all of these elements of damage were claimed either in the first or in the third count of the complaint, and the charge asserts correct propositions of law.

There are other assignments of error, including an assignment based upon the refusal of the court to give at the request of the defendant the general affirmative charge as to count No. 1, but these assignments are not insisted upon in brief of counsel, and, as we have said in the beginning of this opinion, under the authorities there cited and in line with the universal holdings of this court, these assignments are waived.

For the errors pointed out, the judgment of the lower court must be reversed, and the cause remanded.

Reversed and remanded.