(89 South. 42)

### ENSLEY TRANSFER & SUPPLY CO. v. ALEXANDER. (6 Div. 193.)

(Supreme Court of Alabama. May 12, 1921.)

1. **Appeal and error** ⬤▷1078(1)—**Assignments of error, not discussed or argued, treated as waived.**

Assignments of error, not discussed and argued in appellant's brief, will be considered as waived on appeal.

2. **Pleading** ⬤▷212 — **Demurrers abandoned, when not refiled to amended counts of complaint.**

The failure to interpose to an amended complaint demurrers filed to the original complaint was an abandonment of them.

3. **Master and servant** ⬤▷190(18)—**Injury by starting of truck, which superintendent had left in gear instead of neutral, held actionable.**

Evidence that it was the custom and duty of the general manager and superintendent of a garage and transfer business to see that trucks were left in neutral, and not in gear, but that he left a truck in gear, and that an employé, whose duty it was to crank the truck, was injured by the starting of the truck, and that he looked before cranking it to see if it was in neutral or in gear, but that it was dark, and it appeared to be in neutral, that he had very little experience, and that an expert could not always tell by looking, if believed, made a cause of action against the employer for the injuries.

4. **Trial** ⬤▷143 — **General affirmative charge properly refused, when evidence conflicting on material issues.**

Under conflicting testimony on material matters; the court properly refused general affirmative charges.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by Henry Alexander against the Ensley Transfer & Supply Company, for damages for personal injuries while engaged in the employment of the defendant. Judgment for the plaintiff, and the defendant appeals. Affirmed.

Weatherly, Deedmeyer & Birch, of Birmingham, for appellant.

Counts 2 and 3 were defective. 133 Md. 52, 104 Atl. 267; 179 Ala. 361, 60 South. 150,

43 L. R. A. (N. S.) 87; 198 Ala. 449, 73 South. 642; (Sup.) 150 N. Y. Supp. 986. The defendant was entitled to affirmative charge on the pleas of contributory negligence. 203 Ala. 557, 84 South. 262; 175 Ala. 125, 57 South. 691; (Mo.) 183 S. W. 710; 131 Ala. 81, 31 South. 444; 152 Ala. 186, 44 South. 652; 164 Ala. 131, 51 South. 377; 177 Ala. 262, 58 South. 301.

Graham Perdue, of Birmingham, for appellee.

The complaint set up actionable negligence. 171 Ala. 251, 55 South. 171; 196 Ala. 612, 72 South. 166; 123 Ala. 233, 26 South. 349; 188 Ala. 262, 66 South. 95; 196 Ala. 4, 71 South. 183; 15 Ala. App. 316, 73 South. 205; 165 Ala. 99, 51 South. 311; 159 Ala. 235, 48 South. 663; 155 Ala. 337, 46 South. 768, 18 L. R. A. (N. S.) 489, 130 Am. St. Rep. 52; 161 Ala. 176, 49 South. 759. The defendant was not entitled to a directed verdict, either under the evidence or because of its plea of contributory negligence. 151 Ala. 313, 44 South. 47; 193 Ala. 658, 69 South. 102; 194 Ala. 175, 69 South. 601; 166 Ala. 482, 52 South. 86; 202 Ala. 583, 81 South. 85; 170 Ala. 553, 54 South. 426; 149 Ala. 465, 43 South. 110.

MILLER, J. There was trial by jury and verdict in favor of plaintiff, Henry Alexander (appellee here), against the Ensley Transfer & Supply Company, for personal injuries alleged to have been inflicted within the purview of the Employers' Liability Act (Code 1907, § 3910) under the superintendence clause.

The original complaint contained one count. The demurrers of defendant, filed November 22, 1919, were sustained by the court to count 1. Count 1 only was in the complaint when the demurrers were filed. They were filed to test the sufficiency of count 1. The complaint on June 10, 1920, was amended by adding counts 2 and 3. The court overruled demurrers to these counts, 2 and 3. The original demurrers were filed to the original complaint; they were not refiled to these counts after they were allowed as amendments to the complaint. We find no demurrers to counts 2 and 3 of the complaint as amended in the record.

Count 2 alleges: (1) That defendant was engaged in running a garage and transfer business, stored automobiles and trucks for the public, and kept its trucks in the garage; that plaintiff was at the time in the employ of defendant in connection with said business, and was in the performance of his duties in cranking an automobile truck of defendant, which was stored in said garage, and said truck was caused or allowed to run upon or over or against plaintiff, thereby injuring and damaging him; (2) it describes fully the in-

---

⬤▷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

juries inflicted on his person by the truck; and (3) plaintiff alleges:

"The truck was caused or allowed to run upon, over or against him thereby injuring and damaging him as aforesaid, as a proximate consequence of the negligence of one George Vakakes who was in the service or employment of the defendant, and who had superintendence intrusted to him in this, namely, that said George Vakakes whilst in the exercise of said superintendence negligently caused or negligently permitted said truck to be or remain in an unsafe condition to be cranked whereby plaintiff was damaged while engaged in and about his duties in cranking said truck as aforesaid."

Count 3 is practically the same as count 2, except instead of averring the truck was in an unsafe condition to be cranked, it avers the truck was negligently or negligently permitted to be left in gear after it was put in defendant's garage, whereby plaintiff was damaged while engaged in and about the performance of his duties in cranking said truck as aforesaid.

[1] There are 14 assignments of error. Those assignments not discussed and argued in brief of appellant will be considered as waived by this court on appeal. Pearson v. Adams, 129 Ala. 157, 29 South. 977; Kenan v. Lindsay, 127 Ala. 270, 28 South. 570.

The appellant argues, discusses, and insists on the following as errors of the court: (1) In overruling demurrers to counts 2 and 3 of the complaint as amended; (2) failing to give the written affirmative charge on counts 2 and 3, and also the general affirmative charge; and (3) failing to give the general affirmative charge for defendant on contributory negligence plea.

[2] We cannot say the court erred in overruling demurrers to counts 2 and 3, as the record fails to show any dmurrer questioning their sufficiency. The demurrers in the record were filed to the complaint on November 22, 1919. At that time there was only one count in the complaint. These demurrers were sustained to that count (No. 1). The complaint was amended June 10, 1920, by adding counts 2 and 3. These demurrers were not refiled to said counts 2 and 3. We find no other demurrers in the record. The failure to reinterpose the demurrers to the amended complaint that were filed to the original complaint is an abandonment of them. The assignments of error based on the court's overruling demurrers to counts 2 and 3, the grounds of demurrer not appearing of record to them, cannot be considered by this court. Browne v. City of Mobile, 122 Ala. 159, 25 South. 223; Merritt v. Flemming, 42 Ala. 234.

[3, 4] The defendant was engaged in the garage and transfer business; stored its own trucks and automobiles of customers in it. It stored therein a certain motor truck. The plaintiff was in its employ as a laborer, and it was a part of his duty under his employment to crank that truck, and while so doing he was injured. George Vakakes was general manager and superintendent of the said garage and transfer business of the defendant. It was his custom and his duty to see that said trucks were stored in safe condition and left, not in gear, but in neutral. The evidence tended to show that this truck was left by him in gear when stored the evening before the injury, and that made it in an unsafe condition to be cranked; that plaintiff knew it was the custom and duty of the superintendent to leave said trucks in neutral and not in gear; that when plaintiff attempted to crank and did crank said truck, it started off and struck him, as he was in front to crank it. The evidence further tended to show it was left in gear, or in an unsafe condition to be cranked, by the superintendent; that plaintiff, before cranking the truck, looked twice at the lever to see if it was in neutral or gear; that it was dark in the garage, and it appeared to be in neutral; that plaintiff had had very little experience with trucks and automobiles, and that an expert could not always tell by looking at the lever, or putting his hand on it, whether it was in gear or neutral; that to determine whether it was in gear or not you would have to shift the gear.

The foregoing is the tendency of some of the testimony in the case. We have read and examined all of it. It is clearly in conflict on some of the material averments of each count of the complaint, and also on the plea of contributory negligence. Some of the material averments of each count are undisputed, and some are in conflict with the testimony. The plaintiff's evidence, if believed by the jury, makes a cause of action against the defendant that would entitle him to damages for his injuries. It proves or tends to prove each allegation in each count in the complaint. The testimony of defendant puts in direct conflict some of the material averments of the complaint. The evidence on the plea of contributory negligence is also in conflict by positive testimony or conflicting inferences therefrom. It would serve no good purpose for us to set out, show, and discuss the conflicting testimony and tendencies therefrom on some of the averments of each count of the complaint, and on the said plea of defendant, which necessitated the submission of these questions to the jury. Under the conflicting testimony on material matters, the court properly refused the general affirmative charges asked in writing by the defendant. McCormick Harvesting Mach. Co. v. Lowe, 151 Ala. 313, 44 South. 47; Morrison v. Clark, 196 Ala. 670, 72 South. 305; Amerson v. Corona Coal & Iron Co., 194 Ala. 175, 69 South. 601.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.