## NATIONAL LIFE & ACCIDENT INS. CO. v. HANNER. (6 Div. 997.)

(Court of Appeals of Alabama. Nov. 14, 1922.)

1. Trial ⊜143—Affirmative charge is properly refused where different inferences can be drawn from the evidence.

The affirmative charge is properly refused, where there is a material conflict in the evidence, or where conclusions which differently affect the result of the suit may be drawn from the evidence as a whole, even though the evidence may not be in direct conflict.

2. Insurance ⊜349(1)—Accident benefits held not suspended unless premiums had been in arrears two full weeks.

A clause in an insurance policy providing that the insured should not be entitled to accident benefits when premium payments were in arrears for two weeks or more is susceptible to the construction, which should be adopted as favoring insured, that the benefits were not suspended until two full weeks after the premium became in arrears, so that insured was entitled to benefits for injuries received on September 13th, though the premiums due on August 30th and September 6th had not been paid before the injury.

3. Insurance ⊜146(3)—Contract is to be construed strictly against insurer.

A contract of insurance is to be strictly construed against the insurer, and liberally construed in favor of the insured, especially with respect to forfeitures.

4. Insurance ⊜665(3)—Evidence held to warrant jury in finding premiums were not two weeks in arrears.

In an action for accident benefits under an insurance policy, conflicting testimony by insured and his wife and by the agent for insured as to the time payments of premiums had been made, none of which was entirely supported by the premium receipt card, held sufficient to warrant the jury in finding that there were not two weeks' premiums in arrears on the date of the accident.

5. Trial ⊜140(1)—Credibility of witnesses is for the jury.

The credibility of the witnesses is for the jury.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action on insurance policy by Charley Hanner against the National Life & Accident Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Foster, Verner & Rice, of Tuscaloosa, for appellant.

It was error to refuse the affirmative charge requested by defendant, and to overrule its motion to set aside the verdict.

Monette & Taylor, of Tuscaloosa, for appellee.

The decision of the trial court, refusing a motion for new trial on the ground of insufficiency of evidence or that the verdict is contrary thereto, will not be reversed, unless the preponderance of the evidence is clearly against the verdict. 92 Ala. 630, 9 South. 738; 176 Ala. 568, 58 South. 902.

BRICKEN, P. J. The National Life & Accident Insurance Company of Nashville, Tenn., issued a policy of insurance to Charley Hanner on the 25th day of November, 1918, covering life insurance combined with weekly indemnity for sickness and accident. Under said policy of insurance, the insurer, in consideration of a weekly premium of 25 cents (20 per cent. of which was for life insurance and 80 per cent. of which was for insurance against disability from sickness or accident), agreed, subject to the conditions of the policy, to pay to the beneficiary, Lucy Hanner, in the event of the death of the insured, the amount of the death benefit, which was specified in said policy as the sum of $46.25, and

also to pay to the insured, in case of sickness or accident, a weekly benefit of $5 per week.

On the 11th day of January, 1921, Charley Hanner, appellee, brought his action against the National Life & Accident Insurance Company, a corporation, appellant, in a justice court, to recover the sum of $100 alleged to be due him under the above-mentioned insurance policy. It was averred in the complaint that the insured was accidentally injured by a railroad locomotive on the 13th day of September, 1920, and that said injury was inflicted at a time when said insurance policy was in full force and effect, and that, as a result of said injury, plaintiff was disabled and incapacitated for work from the date of said injury to the date suit was brought. On the 19th day of February, 1921, judgment was rendered by the justice court for the sum of $85 and costs of suit. The defendant insurer took an appeal from the judgment of the justice court to the circuit court of Tuscaloosa county, and on May 4, 1921, there was a jury verdict in favor of the plaintiff insured and against defendant insurer for the sum of $100, and the judgment of the court below was accordingly rendered in favor of plaintiff and against defendant for said sum of $100, together with the costs of suit. On the 25th day of May, 1921, the defendant filed its motion for a new trial, and on the 11th day of July, 1921, to which date the hearing of said motion had been duly and legally continued, said motion for a new trial was heard and determined by the trial court, and thereupon the judgment of the trial court was, on said date, entered in said cause overruling and denying said motion.

The defendant in the court below, appellant here, prosecutes its appeal to this court and assigns as error the refusal of the trial court to give to the jury the general affirmative charge, requested in writing, in its favor, and also the judgment of the trial court overruling and denying its motion for a new trial.

In brief and argument before us, counsel for appellant concede that the real question presented for the determination of this court is whether or not the defendant in the court below was, on all the evidence introduced upon the trial of the case, entitled to the affirmative charge requested by it in writing. This concession is entirely warranted by the record before us, for, if there was error in the refusal of said charge, it of necessity follows that there was also error in overruling and denying defendant's motion for a new trial.

[1] The law covering the giving or refusal of the affirmative charge has long been settled and determined in this state. We cite the following pronouncement in regard thereto from the case of Mobile Light & R. R. Co. v. Thomas, 16 Ala. App. 629, 630, 80 South. 693:

The rule is well settled in this state that the affirmative charge should never be given where there is a material conflict in the evidence, or where there is evidence affording an inference adverse to the right of recovery by the party requesting the charge; and where conclusions which differently affect the result of a suit may be drawn from the evidence as a whole, the general affirmative charge in favor of either of the parties to the suit should not be given, although the evidence may not be in direct conflict. McCormack Harvesting Mach. Co. v. Lowe, 151 Ala. 313, 44 South. 47; Beall Bros. v. Johnstone & Hammond, 140 Ala. 339, 37 South. 297. This principal has been followed uniformly in all cases of this court and the Supreme Court.

To the same effect, also, are the cases of Chatt. S. R. Co. v. Daniel, 122 Ala. 362, 25 South. 197; Anderson v. Birmingham Min. R. Co., 109 Ala. 128, 19 South. 519.

[2] In the light of these adjudications, let us look into the evidence introduced upon the trial of this case, which evidence in its entirety is set out in the bill of exceptions, and determine whether or not the affirmative charge requested by the defendant should have been given. The policy of insurance under which plaintiff claimed sick or accident benefits was introduced by plaintiff in support of his action against the defendant. The policy shows on its face, and expressly recites, that it was issued subject to the conditions therein specified. One of the conditions named in said policy, and set out in paragraph 4 thereof, was that—

"This policy shall not lapse for nonpayment of premiums until the premiums for four (4) weeks are in arrears; the insured, however, shall not be entitled to sick or accident benefits when premium payments are in arrears for two (2) weeks or more, and the subsequent payment of such arrears shall not entitle the insured to benefits for sickness or disability beginning or occurring during the period of such arrears."

Another condition in said policy, and expressed in the seventh paragraph thereof, was that agents of the company were not authorized and had no power to waive forfeitures or to receive premiums on policies in arrears more than four weeks. It is insisted by the appellant that the evidence introduced upon the trial of the case in the court below shows without conflict that on September 13, 1920, at the time appellee was injured, he had not paid his weekly premiums which were due on August 30th and September 6th, preceding, and therefore, under the 4th paragraph of conditions in the insurance policy, as above set out, he was not entitled to any sick or accident benefits for the disability arising from said injury. The condition expressed in the policy is that "the in-

sured shall not be entitled to sick or accident benefits when premium payments are in arrears for two (2) weeks or more," and the premium receipt book shows that a weekly premium was due on August 30th and September 6th, and that payment of these two premiums was made on September 13th. Now the premium due August 30th was due on that date and during all of that entire day. It did not become in arrears until the expiration of that day, and consequently, on September 13th, the premium due August 30th preceding was not in arrears for "two (2) weeks or more" until the expiration of the 13th day of September. The premium due September 6th was likewise not in arrears for "two (2) weeks or more" on September 13th.

[3] Certainly the quoted condition of the insurance policy in question is susceptible to the foregoing construction, and it is to be remembered that a contract of insurance is to be strictly construed against the insurer and is to be liberally construed in favor of the insured, and especially with respect to forfeitures the courts will adopt that construction most favorable to the insured; forfeitures for nonpayment of premiums not being favored. Manhattan Life Ins. Co. v. Parker, 204 Ala. 313, 85 South. 298; Mutual Life Ins. Co. of New York v. Lovejoy, 201 Ala. 337, 78 South. 299, L. R. A. 1918D, 860; Life & Casualty Ins. Co. v. Eubanks, ante, p. 36, 94 South. 198.

[4] Let us assume, however, for the purpose of the argument only, that the quoted condition of the policy means that, if the insured is in arrears at all in the payment of premiums for two successive weeks, he cannot recover for disability arising from an injury received during either of said weeks before payment of the premiums; does it follow that the affirmative charge should have been given for the defendant in the court below? The premium receipt book which was introduced in evidence shows that the premiums due August 30th and September 6th, respectively, were paid on September 13th, the date on which plaintiff received his injury. The witness H. J. Mitchell, testifying in behalf of the defendant, stated that, at the time plaintiff received his injury, plaintiff was "three weeks in arrears," meaning the weeks beginning August 23d, August 30th, and September 6th, respectively, but later on he stated "it was two weeks behind." He also stated that the receipt card which was introduced in evidence showed that the last date preceding the injury was August 23d. As far as we are able to determine from an inspection of the photographic copy of the "Premium Receipt Book" (and this copy is almost illegible), the premiums due August 9th, 16th, and 23d, respectively, were paid on September 6th. The witness H. J. Mitchell also testified: "Every Monday I went to

Charles' (meaning plaintiff's) house and collected the premium." This statement is not verified by the receipt book, nor is it verified by all of the other testimony in the case. He further testified that on September 13th plaintiff's wife paid $1 on premiums, and the receipt book shows that this $1 was credited to premiums due August 30th, September 6th, September 13th, and September 20th, respectively. But the plaintiff, testifying in his own behalf, stated that he paid the premiums every two weeks, and that "Mr. Mitchell made these entries on that card." Plaintiff's wife, Lucy Hanner, testified that she paid the agent Mitchell 25 cents the Monday before plaintiff was injured and paid him also the day plaintiff got hurt; that plaintiff was due another payment the day of the accident and that she made this payment at the office and not at her home; and that plaintiff "wasn't behind any at that time." Such was the state of the evidence at the time the defendant requested the affirmative charge in its behalf.

[5] We are of the opinion that, from all the testimony offered upon the trial of the case, the jury was authorized to find from the evidence that plaintiff was not in arrears in the payment of his premiums for two weeks, or more, at the time of his injury. Plaintiff himself testified that he paid his premiums every two weeks. Plaintiff's wife testified that she paid the agent, Mitchell, the premium the Monday before plaintiff was injured and paid him also the day the plaintiff suffered the accident, and she further testified that, at the time of the accident, plaintiff was not behind with his premiums at all. The credibility of the witnesses and of the evidence was for the jury. They had full opportunity to weigh their interests and to observe their demeanor. They evidently found from all the evidence that plaintiff was not in arrears in the payment of his premiums for two weeks, or more, at the time of the injury, for they were charged by the court, at the request of the defendant, that if they were reasonably satisfied from the evidence that the plaintiff, at the time of the accident, was two weeks in arrears in the payment of premiums due under the policy sued on, then they should find for the defendant.

In our opinion, this was as far as the trial court could have gone in its charge to the jury upon the whole evidence.

The trial court overruled the motion for a new trial, and we think properly so, which motion, among other things, alleged that the verdict of the jury was contrary to the evidence, contrary to the overwhelming preponderance of the testimony, and contrary to the overwhelming weight of the testimony.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.