(104 So. 349)

**PELHAM SITZ & CO. v. WARNER.**

(7 Div. 937.)

(Court of Appeals of Alabama.　May 12, 1925.)

1. Trial ⟫143—Refusal of general affirmative charge not error, where there is evidence supporting contentions of both parties.

Where there is evidence supporting contentions of both parties, refusal of general affirmative charge for defendants is not error.

2. Appeal and error ⟫1078(1)—Assignments of error not insisted on in appellant's brief waived.

Assignments of error not-insisted on in appellant's brief are waived.

3. Trial ⟫260(1)—Refusal of charge substantially covered by oral charge not ground for reversal.

Under Gen. Acts 1915, p. 815, refusal of charge, substance of which was fully covered by court's oral charge, is not ground for reversal.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action by W. M. Warner against Pelham Sitz & Company. Judgment for plaintiff, and defendants appeal. Affirmed.

E. O. McCord & Son and J. M. Miller, all of Gadsden, for appellants.

The burden was upon plaintiff to make out his case, and, failing to do so, defendants were entitled to the affirmative charge. 3 Mayfield's Dig. 585.

Culli & Hunt, of Gadsden, for appellee.

The statement in brief for appellants that certain assignments of error are grouped and insisted upon is not sufficient to require consideration. W. U. Tel. Co. v. Benson, 159 Ala. 257, 48 So. 712; Sup. Ct. Rule 10, 175 Ala. xviii. The affirmative charge for defendant can be given only when there is no evidence tending to establish plaintiff's case. Bowen v. Hamilton, 197 Ala. 418, 73 So. 5; Morrison v. Clark, 196 Ala. 670, 72 So. 305. There is no error in refusing charges the principles of which have been given. Code 1907, § 5364; Acts 1915, p. 815; Hood Co. v. Royal, 200 Ala. 607, 76 So. 965.

RICE, J. Appellee brought suit against appellants to recover damages for the destruction of a mortgage lien, based on a mortgage executed by one C. Graves to Etta Hill, dated December 31, 1919, and by her transferred to the appellee before maturity. Said mortgage was duly recorded in the probate office of Etowah county, prior to the alleged transaction made the basis of the complaint, and was a lien on the crops of the mortgagor grown during the year 1920. The evidence showed without dispute the execution of the mortgage, its transfer to appellee, as above mentioned, and its recordation. There was only one count in the complaint, and the plea was the general issue, in short by consent, with leave on the part of the defendants (appellants) to give in evidence any matters which could be a valid defense if properly pleaded, and with leave on the part of the plaintiff likewise to give in evidence in reply any matters which would be admissible if properly pleaded.

[1] There was evidence supporting the contentions, as developed during the trial, of both appellants and appellee. There was therefore no error in refusing to give the general affirmative charge in favor of the

appellants. Bowen v. Hamilton, 197 Ala. 418, 73 So. 5.

[2, 3] In prosecuting this appeal from the judgment rendered against appellants in the lower court, what is said by counsel in brief in respect to assignments of error from one to forty-seven fails to amount to an insistence upon the grounds of error covered by the same, and they are therefore waived. Western Union Telegraph Co. v. Benson, 159 Ala. 257, 48 So. 712. The same might be said of all the other assignments made, with the possible exception of assignment No. 52. As to the refusal of the charge made the basis of this assignment, it is clear that the substance of same was fully conveyed to the jury in the trial court's oral charge, and no reversal will be predicated on its refusal. Gen. Acts Ala. 1915, p. 815.

There being no prejudicial error in the record, the judgment will be affirmed.

Affirmed.